MARY A. BARTLETT *et al.* v. THE RIDGLEY NATIONAL BANK, OF SPRINGFIELD, ILLINOIS.

No. 13,668.    (78 Pac. 414.)

SYLLABUS BY THE COURT.

1. REPLEVIN—*Chattel Mortgage—Affidavit Held Sufficient.* In an action of replevin by a mortgagee to recover the possession of the mortgaged chattels an affidavit alleging ownership thereof in the plaintiff is sufficient where the chattel mortgage contains no stipulation retaining title in the mortgagor; especially so where the verified petition in the action sets out the exact nature of the claim.

2. ————— *Answer States No Defense—Demand Not a Condition Precedent.* In an action in replevin by the mortgagee to recover the mortgaged property the petition averred that the debt secured by the mortgage was past due and remained unpaid, and that the provision of the mortgage was that the mortgagee was entitled to the possession of the property upon default in payment. The answer, besides a general denial, substantially admitted the indebtedness, the giving of the mortgage, and the default, but charged that after the plaintiff had obtained possession of the property under the order of delivery issued in the action it was improperly and improvidently disposed of by him at a price much below its value, and prayed for a return of the property, or, if a return could not be had, a judgment for its value. *Held,* that the entire pleading, taken together, stated no defense to plaintiff's recovery; that having asked the return of the property the defendant occupied the position of one asserting his right of possession at the time of the commencement of the action, and, hence, no demand need be shown; that the sole issue in a replevin action, in the first instance, is the right of

possession of the replevied property at the beginning of the action, and, hence, the plaintiff's wrong-doing in relation to the property after the commencement of the action could not be litigated therein.

Error from Kearny district court; WILLIAM EASTON HUTCHISON, judge.   Opinion filed November 5, 1904. Affirmed.

*George Getty*, and *George J. Downer*, for plaintiffs in error.

*E. R. Thorpe*, and *Boyle, Guthrie & Davidson*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The defendant in error was plaintiff below.   It commenced an action in replevin in Kearny county, Kansas, against the plaintiffs in error, setting out in its petition the execution and delivery to it by the plaintiffs of their promissory note secured by a chattel mortgage on 515 head of cattle of various kinds, all branded alike.   It further alleged that the note was long past due and that it was entitled to the immediate possession of the mortgaged property, and that "defendants unlawfully detain and keep plaintiff out of the possession of said property, although demand has been made for the same."   Attached to the petition were copies of the note and the mortgage mentioned therein, and the petition was duly verified.   At the time of the filing of the petition an affidavit in replevin was filed which alleged that the plaintiff was the owner, and entitled to the immediate possession, of the property described in the petition.   An order of delivery was issued to the sheriff, and under it the property was taken and delivered to the plaintiff. Some three months after the filing of the petition,

and after the filing of several dilatory motions by the defendants, they were permitted to file their answer. The plaintiff in the meantime shipped the cattle to Kansas City and disposed of them upon the market there.

The defendants' answer contained, first, a general denial ; second, they admitted the making of the note and mortgage in question, and that the note was past due ; but, by way of counter-claim, they charged that the cattle had been taken by the plaintiff under the order of delivery issued in the case and shipped to Kansas City, where they were sold to some ten different buyers ; that these cattle could have been sold at the time they were shipped for a much greater sum in the county of Kearny than they were at Kansas City ; that "said plaintiff did not act in good faith nor use reasonable care and diligence in shipping said cattle to Kansas City, Mo. ; that said plaintiff well knew that the Kansas City market was a very poor market to ship cattle to at that time, and that said cattle could be sold at a much better advantage in Kearny county, Kansas ; that the shipping and selling of said cattle in Kansas City worked a great hardship and an injustice to the defendants in this, that said indebtedness amounted to about $11,500 when said cattle were taken by the sheriff of Kearny county, and that they only netted in Kansas City, Mo., $7727.44, leaving a deficiency of about $3773" ; and, further, that the cattle were of the reasonable value of more than $14,000 in Kearny county at the time of their seizure and sale. The defendants prayed judgment for the return of the cattle, or, in case the same could not be had, for the sum of $3553, the difference between the mortgage debt and the value of the property in Kearny county.

In the mortgage it was provided that until default should be made the possession of the property should remain with the mortgagors, and that upon default the mortgagee might take possession of the property and sell the same "at public auction, or private sale, with or without notice, at any convenient place, or after transportation to the Kansas City stock-yards, Kansas City, Kan., or Kansas City, Mo., or the stockyards at South St. Joseph, Mo."

Thereafter, upon motion of the plaintiff, it was held by the court that this answer stated no defense to plaintiff's petition, and the court thereupon adjudged that plaintiff was at the time of the commencement of the action entitled to the immediate possession of the property described in its petition, and that the defendants should pay the costs of the action. It is to reverse this judgment that the plaintiffs in error are now here.

One of the defendants' dilatory motions was to quash and set aside the service of the order of delivery because of the insufficiency of the replevin affidavit, it alleging ownership of the property, and not that plaintiffs had a special ownership or interest therein. We think there was no error in the court's refusal to sustain this motion. The affidavit in itself was sufficient in form, and in a very important sense was literally true. Section 4250 of the General Statutes of 1901 provides that, in the absence of a stipulation to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right to possession. This mortgage, though it contained a provision that the mortgagor might retain possession of the property until default in the performance of its conditions, contained no provisions whatever changing the status of the title as created by the statute. Besides this, the

9—70 KAN.

entire transaction, with the nature of the plaintiff's claim under its chattel mortgage, was shown in its petition, so that the defendants were clearly advised of the claim of the plaintiff.

The further claim of the plaintiffs in error is that the condition of the pleadings did not warrant the rendition of a judgment against them, without proof : (1) Because their general denial put in issue plaintiff's allegation of a demand, and this being so it ought not to have recovered without proof of such demand. The general denial is modified and limited by the allegations contained in the second defense, which is denominated a counter-claim. Had the general denial stood alone, the plaintiff would have been required to prove demand. This counter-claim, however, prayed a return of the property. This could only be claimed upon the theory that the plaintiff was not entitled to the possession of the cattle at the time of the commencement of the action, and that the defendants were. It has often been held by this court that no demand and refusal need be shown where the defendant places his defense upon his right of possession at the time of the commencement of the action. (*Raper v. Harrison*, 37 Kan. 243, 15 Pac. 219 ; *Schmidt v. Bender*, 39 id. 437, 18 Pac. 491 ; *Greenawalt v. Wilson*, 52 id. 109, 34 Pac. 403.) (2) Because the counter-claim states a right of recovery in the defendants which could be availed of in this action, and, hence, that they had a right to be heard thereon. This counter-claim prayed for the recovery of the excess of the alleged value of the cattle in Kearny county over the amount due on defendants' note, on the theory either that the plaintiff had no right to ship and sell on the market at Kansas City, although the chattel mortgage permitted it so to do, or that in so doing it did not act in

good faith.   But in either view this relief could not be granted the defendants in this action.   The only issue in a replevin action, in the first instance, is whether the plaintiff is entitled to the possession of the replevied property at the time of the commence- ment of the action.   ( *Wilson v. Fuller*, 9 Kan. 176 ; *Rucker v. Donovan & Feiferlich*, 13 id. 251, 19 Am. Rep. 84 ; *Brown v. Holmes*, 13 id. 482 ; *Town of Leroy v. McConnell*, 8 id. 273.)   Another and entirely distinct issue could not be injected into the case by the plead- ing here filed.

To be sure, under section 185 of the code (Gen. Stat. 1901, § 4619), the value of the property may be ascer- tained in the replevin action in a case where it has been delivered to the plaintiff and upon final trial its return to defendant is adjudged.   This is for the pur- pose of requiring the payment of such value in case a return of the property itself cannot be had.   The language of this court in *Denny v. Faulkner*, 22 Kan. 89, 100, is cited by plaintiffs in error in support of their contention.   That language, however, was used in reference to a case arising under section 185, and not under facts such as are here found.

We are also cited to the case of *Deford v. Hutchison*, 45 Kan. 318, 25 Pac. 641, 11 L. R. A. 257, as holding the doctrine that a counter-claim in the nature of the one here pleaded may be availed of by a defendant. This claim is not borne out by the facts of that case. It was there sought by the defendant in possession to defeat plaintiff's right of recovery by showing that subsequently to the execution of the mortgage the plaintiff had agreed to purchase the mortgaged prop- erty, and thus extinguish the debt.   Of course, this claim went directly to the plaintiff's right of recovery, for if there was no debt there was no such right.   We

are not now deciding that the defendants' counter-claim set out no cause of action against the plaintiff, but we do decide that it contained no defense to plaintiff's right of recovery in this action of replevin.

Some other suggestions of error are found in the brief of plaintiffs in error. We have examined them all and find nothing of substance.

Discovering no error in the record, we affirm the judgment of the court below.

All the Justices concurring.