C. A. LEMASTER, *Appellee*, v. JOHN FISHER *et al.*, *Appellants*.

No. 16,467.

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES—*Property to be Kept by Mortgagor at a Certain Place—Removal—Possession.* A stipulation in a chattel mortgage that the property shall be kept by the mortgagor at a certain place gives to him no right to continue in its possession at another place to which it was removed without the knowledge or consent of the mortgagee and contrary to his direction.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 9, 1910. Affirmed.

*F. A. Waddle*, for the appellants.
*W. S. Jenks*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action in replevin to recover possession of a piano mortgaged by defendants Tawney and wife to the plaintiff, Lemaster, to secure a note given for purchase money. The answer was a general denial. The mortgage provided that the piano should be kept by the mortgagors at a certain number on a designated street, and that if the "indebtedness shall be deemed insecure" the property might be taken and sold to pay the plaintiff. The building where the piano was kept was owned by the plaintiff's wife, and rented to Tawney. For default in the payment of rent

a notice to leave was served, in compliance with which Tawney vacated the premises. At the time of serving the notice to leave the attorney for the owner of the premises, who was also acting for the mortgagee, notified the mortgagors to leave the piano in the building, and that he considered the indebtedness insecure. With the assistance of Fisher the piano was removed to Fisher's home. A demand was then made upon Tawney for the property, which was refused. No demand was made upon Fisher, but he testified that he claimed no interest in the property. Errors are assigned upon the orders overruling an objection to evidence under the petition and a demurrer to the evidence.

The petition was informal and contained unnecessary matter. It did, however, allege that the plaintiff was the special owner of the property under a mortgage, a copy of which was attached; that the defendants, without the knowledge of the plaintiff, removed the property from the place designated in the mortgage; that defendant Fisher "is wrongfully and unjustly detaining in his possession the said goods and chattels from this plaintiff, who is justly entitled to the same, . . . and did so wrongfully detain possession of said goods and chattels for the space of thirty days before the commencement of this action." It was also alleged that "defendants H. W. Tawney and N. Tawney are aiding, counseling and abetting the said John Fisher . . . in wrongfully . . . detaining the said goods and chattels." This stated a cause of action, and there was no error in overruling the objection to evidence. (Cobbey, Replevin, 2d ed., § 453; *Farmers' Bank v. Bank of Glen Elder*, 46 Kan. 376; *Bartlett v. Bank*, 70 Kan. 126; *Laithe v. McDonald*, 7 Kan. 254; Civ. Code, § 140, Gen. Stat. 1901, § 4574; Code 1909, § 581.)

In the absence of a stipulation to the contrary, the mortgagee of personal property has the legal title thereto and the right of possession. (Gen. Stat. 1868, ch. 68, § 15; Gen. Stat. 1909, § 5230.) The only stipu-

lation to the contrary in this mortgage is that it shall be kept by the mortgagors at a place described. This implies the right of possession at that place, but gives no right of possession elsewhere, unless consent be given for the removal. The plaintiff was therefore entitled to possession of the property when it was removed without his consent. Whether a demand upon the mortgagor was necessary need not be considered, for there was evidence that a demand had been made.

It is argued that a demand upon Fisher was also necessary as a condition to the maintenance of an action against him. This contention can not be sustained; he claimed no interest in the property, and was only a custodian for Tawney; he had no better right than Tawney, for whom he held the property. The requirements of the statute relating to registry do not apply, for he was not a purchaser. (Gen. Stat. 1868, ch. 68, § 9; Gen. Stat. 1909, § 5224.) He might have been relieved from costs by filing a disclaimer (Civ. Code, § 587; Gen. Stat. 1901, § 5073), or by offering to surrender possession. (Cobbey, Replevin, 2d ed., § 451.)

The debt secured by the mortgage was not due when the action was commenced, and the defendants insist that the plaintiff was not entitled to possession under the insecurity clause, so-called; that the condition is unlike that under consideration in *Werner v. Bergman*, 28 Kan. 60. In that case the condition was that "the mortgagee shall deem himself insecure." (Page 64.) The condition in the mortgage in this case is the same in effect, and no reason is perceived why the rule in the Werner case should not be followed, if it were necessary to uphold the judgment.

The judgment is affirmed.