## SECREST v. WOOD.

No. 12784—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 18,1924.

**1. Chattel Mortgages—Right of Mortgagee to Replevin.**

Where the surviving wife of a deceased mortgagor of personal property is in possession of the mortgaged property after maturity of the mortgage indebtedness, and no executor or administrator has been appointed, section 1220, Comp. Stat. 1921, does not preclude the mortgagee from maintaining an action of replevin against the surviving wife for the possession of the mortgaged property.

**2. Same.**

The right of the mortgagee to maintain an action of replevin for possession of mortgaged property for the purpose of foreclosure must be determined by the facts existing at the time the action was commenced and cannot be affected by tender by defendant of the amount of the mortgage indebtedness after service of the writ of replevin.

(Syllabus by Ray, C.)

Commissioners' Opinion. Division No. 1

Error from District Court, Muskogee County: Guy F. Nelson, Judge.

Action by Henry Secrest against Mrs. J. C. Wood. Judgment for defendant, and plaintiff appeals. Reversed.

Watts & Watts and E. J. Broaddus, for plaintiff in error.

D. E. Herschelman, for defendant in error.

Opinion by RAY, C. The question here is. Can the mortgagee, after maturity of the mortgage indebtedness, maintain an action of replevin for possession of the mortgaged property against the surviving wife of the deceased mortgagor, where no executor or administrator has been appointed?

May 14, 1917, J. C. Wood mortgaged one cow and calf to Henry Secrest to secure the payment of two notes of $12.50 each, due June 14 and July 14, 1917, respectively. Thereafter Mrs. Wood left Wagoner county, where all the parties at the time resided, and removed the mortgaged property into Muskogee county in violation of the express terms of the mortgage. After the notes were due Secrest commenced a replevin action against Mrs. Wood before a justice of the peace in Muskogee county to recover possession of the mortgaged property. The case was appealed to the district court of Muskogee county, where a jury was waived and the case tried to the court. No redelivery bond was given and Secrest took the property back to Wagoner county and foreclosed the mortgage by posting notices and bought the property in at the sale. The cow was of the approximate value of $100. No executor or administrator for the estate of Woods, deceased, had ever been appointed. Judgment for Mrs. Wood against Secrest for $100, value of the property, $1 damages, and costs, and Secrest brings error.

It appears from the briefs that the trial court held that under the provisions of section 1220, Comp. Stat. 1921, the action could not be maintained until an executor or administrator had been appointed. The case of Litz, Administrator of the Estate of John R. Covey, Deceased, v. Exchange Bank of Alva, 15 Okla. 564, 83 Pac. 790, is cited and relied upon as so construing that section. That section does not deny the mortgagee the right of possession of the mortgaged property for the purpose of preserving his security but makes him liable for double the value of the property if alienated before the appointment of an executor or administrator and the cited case so holds. In that case the mortgagor was killed before the mortgage indebtedness was due and the mortgagee took charge of the mortgaged property and foreclosed by posting notices. Afterwards an administrator was appointed who commenced an action against the mortgagee under the statute to recover double the value of the property. The court said:

"The question presented to this court is whether or not the holder of a chattel mortgage. who in good faith deemed himself insecure, after the death of the mortgagor, who dies intestate before the debt is due, and prior to the appointment of an administrator, either a special or general, can take possession of and sell the property covered by said mortgage. * * *

"This action is based upon section 1603 of Wilson's Annotated Statutes of Oklahoma, of 1903 (section 1220, Comp. Stat. 1921), which provides as follows: 'If any person before the granting of letters testamentary or of administration, embezzles or alienates any of the moneys, goods, chattels, or effects of a decedent, he is chargeable therewith and liable to an action by the executor or administrator of the estate, for double the value of the property so embezzled or alienated, to be recovered for the benefit of the estate.' * * *

"A mortgagee, if he has reasonable grounds to apprehend, and in good faith believes, that the security is about to be lost or materially impaired, has a right to take possession of the property, for the purpose of preserving it, but has no right to sell or alienate the same until a special or general administrator has been appointed, whose duty it is to protect the interests and rights of the estate. We think the manifest purpose of the act of the Legislature which provides that any person before the granting of letters testamentary or of administration, alienates any of the money, goods, chattels or effects of a decedent, is chargeable therewith, and liable to an action by the executor or administrator of the estate, for double the value of the property so alienated, was to prohibit the doing of just such acts as are alleged to have been committed in this action. In other words, from the agreed statement of facts in this case, we think the defendant comes clearly within the letter and spirit of said act. * * *

"Our conclusion, then, is that the court below erred in holding that, prior to the appointment of a special or general administrator, the mortgagee had the power and authority to sell or alienate the property. * * *"

In the above case it was particularly pointed out that the mortgagee was entitled to the possession of the property but was not entitled to foreclose until after the appointment of an administrator. We think the only question for the court was whether or not Secrest had the right of possession at the time the action was commenced. His subsequent action in foreclosing the mortgage was not an issue at the trial and can only arise in an action against him for the unlawful alienation of the property.

At the time the writ was served Mrs. Wood tendered to the officer serving the writ the amount of the mortgage indebtedness which the officer refused to accept. After judgment in the justice court in favor of Mrs. Wood and against Secrest and before the

case was appealed. Mrs. Wood deposited the same amount with the justice of the peace to be paid to Secrest. No deposit was made to cover the costs. It is contended that the tender of the amount of the notes to the officer who served the writ and the subsequent deposit of the amount with the justice of the peace to be paid to Secrest, was a satisfaction of the debt. In support of this contention the case of Smith, Wogan & Co. v. Bice, 34 Okla. 294, 125 Pac. 456, is cited, wherein it was said:

"An unconditional tender of the amount of debt secured by the mortgage though after the date it fell due, discharged the mortgage lien, whether the tender is kept good and the money paid into court, or not."

If tender had been made before the commencement of the action it would have brought the case within the rule laid down in that case, but it is not claimed that the tender was made before service of the writ. Any act of Mrs. Wood after the suit was begun and the writ served could in no way affect the right of Secrest to maintain the action.

The judgment should be reversed and a new trial had.

By the Court: It is so ordered.