**NICHOLS & SHEPARD CO. v. DUNNINGTON, Adm'r.**

No. 15189—Opinion Filed June 1, 1926.

**1. Appeal and Error—Necessity for Citation of Authorities.**

"Assignments of error presented by counsel in their brief, if unsupported by authority, will not be noticed by the Supreme Court on appeal, unless it is apparent without further research that they are well taken." Jennings v. Jennings, 95 Okla. 90, 218 Pac. 703.

**2. Chattel Mortgages—Abortive Foreclosure Sale to Mortgagee—Effect.**

Where personal property, seized by a mortgagee upon a chattel mortgage, is sold at a formal. but abortive, foreclosure sale to the mortgagee himself, who retains possession of the property, such sale does not affect the rights or liability of either party to the mortgage.

**3. Chattel Mortgages—When Mortgagee May Take Possession.**

A mortgagee in a chattel mortgage may rightfully take possession of the mortgaged goods after the maturity of the indebtedness secured thereby, or if he has reasonable grounds to apprehend and in good faith believes that the security is in danger of being lost or materially impaired, for the purpose of preserving it after the death of the mortgagor and before the appointment of an executor or administrator of the mortgagor's estate.

**4. Executors and Administrators—Double Liability for Alienation of Assets Before Appointment of Administrator — Nonliability of Mortgagee Taking Possession of Chattels.**

Where mortgaged property is seized by the mortgagee after the death of the mortgagor and before the appointment of an executor or administrator of his estate, and remains in the possession of such mortgagee until after the appointment of such executor or administrator, such mortgagee is not liable, under the provisions of section 1220, Compiled Oklahoma Statutes 1921, for double the value of such property. A judgment for double the value of the property is only justified where such property has been embezzled or alienated. The term "alienate," as used in said section, signifies the wrongful transfer of such property to another.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by Carl S. Dunnington, administrator of the estate of Roy Messick, deceased, against the Nichols & Shepard Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Taggart & Bradley, McKeever, Moore & Elam, and Titus & Talbot, for plaintiff in error.

A. R. Carpenter and Simons, McKnight & Simons, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendant as they were designated in the trial court, inverse to the order in which they appear in this court.

On the 26th day of August, 1922, the plaintiff, as administrator of the estate of Roy Messick, deceased, commenced this action in the district court of Alfalfa county against the defendant, to recover double the value of certain machinery alleged to have been wrongfully embezzled and alienated by the defendant after the death of the said Roy Messick and before the appointment of the administrator of the estate. The material averments set out in the plaintiff's petition are that on the 22nd day of March, 1922,

the said Roy Messick departed this life, and on the 25th day of August, 1922, the plaintiff was appointed administrator of the estate of Roy Messick, deceased; that at the time of his death the said Roy Messick was the owner of certain threshing machinery, to wit: one separator; one wind stacker; one feeder; one feeder extension; one oil-gas engine; one belt, and all belts for separator and engine, all of the value of $4,000. That after the death of the said Roy Messick the defendant wrongfully embezzled and alienated said machinery, and the plaintiff prays judgment for $8,000.

By way of amended answer to this petition, the defendant pleaded: (1) A specific denial that it had embezzled or alienated any of the property described in the plaintiff's petition. (2) The defendant alleged that on the 22nd day of July, 1921, the said Roy Messick purchased all of the machinery described in the plaintiff's petition from the defendant, and executed and delivered to the defendant for the purchase price of said machinery his promissory notes secured by a chattel mortgage on said machinery, upon which there was due and owing at the time the answer was filed $3,731; that in the early part of July, 1922, the defendant discovered that said machinery was in Alfalfa county, and in the hands of strangers, and took possession thereof under the terms of its mortgage; that at the time the defendant took possession of said machinery it had no knowledge of the death of said Roy Messick, and took possession thereof in order to preserve the same. (3) By way of cross-petition the defendant set up the notes and mortgage above referred to, and the amount due and unpaid thereon, and prayed judgment against said estate for the sums due and for the foreclosure of said chattel mortgage. (4) For further answer the defendant alleged, in substance, that at the time of his death, the said Roy Messick was a resident of Ellis county, Okla., and was not and never had been a resident of Alfalfa county, Okla.; that the said Carl S. Dunnington, by means of fraud and false testimony, induced the county court of Alfalfa county to assume jurisdiction in the matter of the estate of Roy Messick, deceased, and to appoint the said Carl S. Dunnington administrator thereof; that said county court was without jurisdiction to make said appointment, and that the said Carl S. Dunnington had no capacity to maintain this suit, and prayed that the plaintiff's petition be dismissed.

On motion of the plaintiff the fourth paragraph of the defendant's answer was stricken out, and the defendant excepted. The plaintiff thereupon filed a reply, putting in issue the affirmative averments contained in the first, second, and third paragraphs of the defendant's answer. Upon the issues thus framed the case was tried on the 19th day of September, 1923, and by agreement of the parties the case was tried to the court without the intervention of a jury.

There was substantially no dispute as to the facts. In June, 1921, the deceased, Roy Messick, purchased from the Nichols & Shepard Company the threshing machinery described in the plaintiff's petition, and executed the promissory notes and mortgage above referred to as the purchase price thereof. In July, 1922, the defendant's agent discovered said machinery in Alfalfa county, and under the terms of the mortgage took possession thereof. After taking possession the defendant advertised said machinery for sale under the terms of the mortgage, and bid it in in the name of the defendant, retaining possession of the machinery. A little later on, the defendant moved said machinery to Cherokee, and had it stored in Cherokee in a store room where it remained until the trial of the cause. After storing the machinery in Cherokee, the defendant again advertised it for sale under the terms of the mortgage, and again bid it in in the name of the defendant, the defendant remaining in possession.

There was no evidence tending to show that the defendant knew, at the time it took possession of the mortgaged property, of the death of the said Roy Messick. The said Roy Messick stated, in the mortgage referred to, that he was a resident of Ellis county, Okla., and the machinery was found in Alfalfa county.

The court found that machinery to be of the value of $3,000; that the indebtedness due upon the promissory notes and chattel mortgage was $4,008, and rendered judgment in favor of the administrator for double the value of the machinery, $6,000, and deducted therefrom the amount of said indebtedness, and rendered judgment in favor of the plaintiff and against the defendant in the sum of $1,998. From this judgment the plaintiff has duly appealed to this court by petition in error and case-made attached.

The errors of assignment relied upon are, in effect, (1) that the finding and judgment is contrary to law; (2) that the finding and judgment is contrary to the evidence. The action of the court in sustaining the plaintiff's motion to strike out the fourth

paragraph of defendant's answer is also assigned as error. No authority is presented in support of this assignment, however, and it will not be further considered here.

We will now consider the case upon the merits. Section 1220, C. O. S. 1921, provides:

"If any person, before the granting of letters testamentary or of administration, embezzles or alienates any of the moneys, goods, chattels, or effects of a decedent, he is chargeable therewith, and liable to an action by the executor or administrator of the estate, for double the value of the property so embezzled or alienated, to be recovered for the benefit of the estate."

It will be observed that by the terms of this section: (1) That one who embezzles any money or property of the deceased person prior to the appointment of an executor or administrator is liable for double the value of the property or money so embezzled; and (2) one who alienates money or property belonging to the estate of a deceased person before the appointment of an executor or administrator is liable for double the value of the money or property so alienated. In order to recover the penalty prescribed by this statute the plaintiff must fasten one of the enumerated acts upon the defendant. There is no contention that the defendant embezzled this property. The defendant took possession of the property under the terms of its mortgage, and this it had a right to do, regardless of whether an administrator had been appointed or not. Secrest v. Wood, 98 Okla. 60, 224 Pac. 349. In order to render judgment against the defendant for double the value of this property, as in this case, the court had to find that the defendant alienated said property within the provisions of section 1220, supra. There was no evidence to support such finding. The term "alienate," as used in section 1220, C. O. S. 1921, signifies the wrongful transfer of such property to another. Aultman & Taylor v. Foss, 86 Okla. 169, 207 Pac. 308; 2 C. J. 1034. In Jahns v. Nolting, 29 Cal. 508, the court discussing a statute practically identical with this section says:

"To alienate signifies to wrongfully transfer such property to another."

And in the case of Litz, Adm'r, v. Exchange Bank of Alva, 15 Okla. 564, 83 Pac. 790, relied on by the plaintiff, it is expressly pointed out that the property was sold by the defendant, and possession passed to other parties.

In the case at bar there was no such transfer. True, the defendant offered to sell this property after the death of Messick, and before the administrator was appointed, but offering to sell it is not sufficient. Bidding it in in behalf of the defendant and remaining in possession in no way changed the status:

"A void attempt to foreclose a chattel mortgage in which the mortgagee bids in and retains the property is not a conversion." Powell v. Gagnon (Minn.) 53 N. W. 1148.

Much less an alienation or a transfer of such property to another.

"Where personal property seized by a mortgagee upon a chattel mortgage is sold as a formal, but abortive, foreclosure sale, to the mortgagee himself, who retains possession of the property, the sale does not affect the rights or liabilities of either party to the mortgage, whether the seizure be wrongful or not." Cushing v. Seymour et al. (Minn.) 15 N. W. 249.

For the reason stated the judgment appealed from is reversed and remanded to the district court of Alfalfa county, with directions to set aside the judgment and sustain the defendant's motion for a new trial, and to further proceed with the case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1431 §1593. (2) 11 C. J. p. 718 §525. (3) 11 C. J. p. 552 §248; p. 556 §255; anno. 21 L. R. A. (N. S.) 182; 5 R. C. L. p. 463. (4) 2 C. J. p. 1034; 23 C. J. p. 1194 §437.