No. 31,063.

THE SHAWNEE CREDIT CORPORATION, and JOSEPH J. McGEE, Receiver in Bankruptcy, etc., *Appellants*, v. LEO BAKER and AMANDA BAKER, *Appellees*.

(20 P. 2d 455.)

Opinion filed April 8, 1933.

*Charles C. Hoge,* of Olathe, *Joseph T. Owens, Maurice H. Winger, P. E.*

*Reeder, Frank P. Barker, Alton Gumbiner* and *Leland Hazard,* all of Kansas City, Mo., for the appellants.

*Roy S. Lowe,* of Paola, and *Judson S. West,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action in replevin. Judgment was for defendants for damages. Plaintiff appeals.

The petition of plaintiff alleged the execution of a note by defendant to plaintiff. The note was secured by a chattel mortgage on some dairy cows and machinery. It further alleged that the note was in default. A writ of replevin was issued, and the property was delivered by the sheriff to the plaintiff. The answer of defendants was a general denial and contained an allegation that the defendants had been damaged in the amount of $5,000 by the taking of the property by plaintiffs. Trial of the case was to a jury. A verdict was returned for defendants fixing their damages at $2,500 for the value of the property and $750 for damages sustained.

The court instructed the jury, among other things, that in order for the plaintiff to prevail it would have to show that it made a demand of defendants for the property in question. Plaintiff urges that this instruction was erroneous.

The cattle were replevined by plaintiff because defendants were in default on their mortgage. There is no dispute as to this in the testimony that was introduced at the trial. The record discloses that the defense made was that defendants had made payments on the note by furnishing milk to a third party, and that if a demand had been made defendants could have raised the money some way and paid off the note. The evidence on the whole is convincing that defendants would not have surrendered possession of the cattle if demand had been made.

The rule as to necessity for a demand under such circumstances is as follows:

"No demand is necessary where it appears from the facts and circumstances of the case that a demand if made would have been futile and unavailing, and this fact may appear either from the acts or declarations of defendant in regard to the property before the action is instituted, or from the position taken by him upon the trial, as where he does not rely upon the want of a demand as a technical defense but contests the right of plaintiff upon the merits, claiming a superior right or title in himself." (54 C. J. 452.)

This court has adopted that rule in *Raper v. Harrison,* 37 Kan. 243, 15 Pac. 219. That case was for replevin of a cow. Defendant

answered the replevin suit by claiming that the cow had been security for a debt, that the debt had been discharged and that plaintiff had no right to possession. The court said:

"Having placed their defense on title in themselves, and not on the alleged consent of Harrison, and it being manifest that demand would have been vain and unavailing, they cannot now insist upon a want of demand for their failure to surrender the property; and therefore the refusal of the court to charge that a demand was essential to the maintenance of the action was not erroneous." (p. 245.)

The subject is further dealt with in *Bartlett v. Bank,* 70 Kan. 126, 78 Pac. 414. In that case the defense was that the defendant had a right to possession of the cattle at the time the suit was brought. The second syllabus in that case lays down the rule very well for this case. It is as follows:

"In an action in replevin by the mortgagee to recover the mortgaged property the petition averred that the debt secured by the mortgage was past due and remained unpaid, and that the provision of the mortgage was that the mortgagee was entitled to the possession of the property upon default in payment. The answer, besides a general denial, substantially admitted the indebtedness, the giving of the mortgage, and the default, but charged that after the plaintiff had obtained possession of the property under the order of delivery issued in the action it was improperly and improvidently disposed of by him at a price much below its value, and prayed for a return of the property, or, if a return could not be had, a judgment for its value. Held, that the entire pleading, taken together, stated no defense to plaintiff's recovery; that having asked the return of the property the defendant occupied the position of one asserting his right of possession at the time of the commencement of the action, and, hence, no demand need be shown; that the sole issue in a replevin action, in the first instance, is the right of possession of the replevied property at the beginning of the action, and, hence, the plaintiff's wrong-doing in relation to the property after the commencement of the action could not be litigated therein." (Syl. ¶ 2.)

In the case at bar the plaintiff made sufficient allegations to maintain an action in replevin. The defendants answered claiming damages for the unlawful taking of the property. The evidence offered was on the theory that defendants claimed the right to the possession of the property. It appears that a demand for it on the part of plaintiff would have been unavailing. Under these circumstances we think the rules discussed in this opinion apply, and the instruction of which complaint is made was erroneous.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial in accordance with the views expressed herein.