No. 42,676

AMERICAN STATE BANK, a Banking Corporation, Oswego, Kansas, *Appellee,* v. WILLIAM F. HOLDING and DORA HOLDING, *Appellants.*

(371 P. 2d 167)

Opinion filed May 5, 1962.

*Charles F. Forsyth,* of Erie, argued the cause and was on the brief for the appellants.

*Willis K. Dillenberger,* of Oswego, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The American State Bank, plaintiff (appellee), commenced this action in replevin in the district court against William F. and Dora Holding, defendants (appellants), to recover possession of personal property pledged as security under three separate chattel mortgages given to secure three separate promissory notes. Simultaneously with the filing of its petition plaintiff filed its affidavit in replevin as provided by statute. Plaintiff's petition sets forth three separate causes of action each representing a separate note and chattel mortgage allegedly broken.

The first and third causes of action alleged the notes executed were long past due and in default and that plaintiff was entitled to the immediate possession of the mortgaged property. Attached to the petition were copies of the notes and mortgages mentioned therein. At the time of the filing of the petition an affidavit in replevin was filed that alleged the plaintiff had a special interest in and was entitled to immediate possession of the property described in each of the chattel mortgages.

The second cause of action alleged that the note and chattel mortgage were given to the Oswego Implement Company and for valuable consideration were sold to the plaintiff and that plaintiff was the holder in due course; that although the note was not due and payable, the plaintiff deemed itself insecure and under the terms of the chattel mortgage plaintiff was authorized to enter upon the premises of the defendants and take possession of the property. Copies of the note and mortgage were attached to the petition. An order of delivery was issued to the sheriff and under it all of the property covered by the three mortgages was taken and delivered to the plaintiff.

The plaintiff further alleged that under the terms of each of the chattel mortgages, having declared the terms of each mortgage broken, it was authorized to take possession of the property, and prayed for possession of the mortgaged property.

The defendants' answer to the first and third causes of action was a general denial. As to their second cause of action, defendants admitted the execution and delivery of the note and mortgage but alleged that the note was not due and that no demand was made for the return of the property given to secure the note prior to defendants' tender of payment of the amount due. Defendants further

alleged that the property was wrongfully taken and that they were damaged in certain specified particulars for which they seek to recover against the plaintiff.

The case was tried before a jury. At the conclusion of the evidence the trial court directed the jury to return a verdict finding that the plaintiff at the time the action was filed was entitled to possession of the personal property taken in replevin, and entered judgment accordingly. Defendants filed a motion for new trial, which was overruled, and they perfected their appeal from the trial court's order directing the jury to return a verdict for the plaintiff and from the judgment of the trial court finding plaintiff entitled to possession of the personal property.

At this juncture it may be noted that defendants did not appeal from the order of the trial court overruling their motion for a new trial. An appeal perfected only from a judgment, order or decision does not constitute an appeal from an order overruling a motion for a new trial, and under such circumstances the court has no jurisdiction to review trial errors in the judgment even though the order overruling the motion for a new trial has been specified as error. (*Matlock v. Matlock,* 182 Kan. 631, 323 P. 2d 646; *King v. King,* 183 Kan. 406, 327 P. 2d 865; *Clarkson v. Mangrum,* 186 Kan. 105, 348 P. 2d 607.) Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error. (*State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; *State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 79 S. Ct. 739, 3 L. Ed. 2d 759.) Defendants did not appeal from the order overruling their motion for a new trial; therefore, despite their contentions of trial errors, such errors are not reviewable.

One of defendants' specifications of error is in the trial court's directing the jury to return a verdict for the plaintiff for possession of the property and in entering judgment on that verdict. While it is not clearly spelled out in all of the aforementioned cases, where the basis of an appeal is that the judgment directed and rendered by the trial court was not as a matter of law warranted by the pleadings and the undisputed facts, such record raises a question of law and is reviewable. (*Arnall v. Union Central Life Ins. Co.,* 157 Kan.

535, 538, 142 P. 2d 838; *Harshbarger v. Carson,* 180 Kan. 241, 247, 303 P. 2d 143.)

In their brief defendants concede that the chattel mortgages under plaintiff's first and third causes of action were in default but contend that the chattel mortgage that was the subject of the second cause of action was not in default and that no demand for the return of the property under this mortgage was made upon defendants prior to the filing of the replevin action, and because of such circumstances the court erred in directing a verdict and entering judgment in plaintiff's favor for possession of the property.

Under their answer defendants put in issue the question as to the right of possession of the property covered by the mortgages. This court has held that no demand for possession of the property and refusal need be shown where the defendant places his defense upon his right of possession at the time of the commencement of the action. (*Bartlett v. Bank,* 70 Kan. 126, 130, 78 Pac. 414; *Shawnee Credit Corp. v. Baker,* 137 Kan. 381, 383, 20 P. 2d 455.) In substance, the only issue in a replevin action, such as the instant case, is whether the plaintiff is entitled to the possession of the replevin property at the time of the commencement of the action, and the rights of the parties are determined as of that time. (*Secrest v. Wood,* 98 Okla. 60, 224 Pac. 349; *Bartlett v. Bank,* supra, p. 131.)

G. S. 1949, 58-307, provides that in the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession. In *Brookover v. Esterly,* 12 Kan. 149, this court held that a mortgagee of personal property has such an interest in the mortgaged property that he may, after condition broken, maintain an action of replevin for possession of the property. In the instant case the mortgages made no provision that title or right of possession was to remain in defendants. The mortgages provided that in case of default, or if at any time plaintiff deemed itself insecure, plaintiff might seize and sell the property at either public or private sale as provided therein. As to causes of action 1 and 3, the mortgages were in default, and as to cause of action No. 2 the plaintiff deemed itself insecure and was entitled to possession of the property covered by the chattel mortgage. (*Thorp v. Fleming,* 78 Kan. 237, 96 Pac. 470.) By the terms of the separate mortgages, and in view of the mentioned statute, no demand for possession of the property was necessary prior to the institution of plaintiff's action in replevin.

We are not deciding that the defendants' answer fails to set out a defense or cause of action against the plaintiff in a foreclosure proceeding, but we do decide that it contains no defense to plaintiff's right of possession of the property in its replevin action. Any issue other than the right of possession at the commencement of this replevin action is not subject to review here, and those questions of tender after the commencement of this action and any counterclaims are the substance of later litigation. (*Secrest v. Wood,* supra; *Bartlett v. Bank,* supra, p. 132.)

The pleadings and undisputed evidence support the trial court's order and judgment, and the case must be affirmed.

It is so ordered.