NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In Matter of the Estate of

CAROL A. BECKETT, *Deceased*.

KACIE MCCOLLUM, *Petitioner/Appellee*,

*v.*

HEATHER POTTER, *Respondent/Appellant*.

No. 1 CA-CV 23-0505

FILED 08-06-2024

Appeal from the Superior Court in Maricopa County
No. PB2022-002844
The Honorable Christian Bell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Copeland Law Offices, PLLC, Glendale
By Kirsten Copeland
*Counsel for Petitioner/Appellee*

Heather Potter, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1        Heather Potter ("Daughter") appeals from the superior court's judgment entered in favor of Kacie McCollum, personal representative of the Estate of Carol A. Beckett ("Decedent").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Decedent signed her will on January 29, 2021, naming McCollum as her personal representative and disinheriting Daughter.  Before executing her will, doctors diagnosed and treated Decedent for skin cancer.  By 2019, the cancer had spread to Decedent's lymph nodes, requiring surgery and other procedures.

¶3        In August 2021, Decedent contracted COVID-19.  Decedent's neighbor found Decedent unconscious in her home, and Decedent was hospitalized for several weeks.  During that time, Decedent regained consciousness but was initially unable to speak.  The hospital eventually discharged Decedent to a rehabilitation facility.  Decedent received care at the rehabilitation facility from November 11, 2021, to January 6, 2022.  On November 11, 2021, Decedent executed a general durable power of attorney, appointing Daughter as her agent over her personal finances and property.

¶4        In January 2022, Decedent was transferred to an assisted living home.  On January 16, Decedent executed a codicil to her will, naming Daughter as her personal representative.  Around this time, Daughter began withdrawing large sums of money from Decedent's bank accounts.  By the following month, Decedent's cancer had spread to her lungs and brain.  At some point, Decedent was admitted to hospice care and passed away on April 7, 2022.

¶5        In June 2022, McCollum applied to probate Decedent's will informally.  Daughter objected to McCollum's request and petitioned for a formal probate of Decedent's will and to confirm her appointment as

Decedent's personal representative. McCollum objected to Daughter's petition and moved to subpoena Decedent's bank accounts. The court granted McCollum's motion.

¶6 The subpoena revealed that Daughter had withdrawn over $300,000 from Decedent's bank accounts and deposited the money into her personal bank account. On November 29, 2022, McCollum petitioned for damages and wrongful acts committed by Daughter, claiming a breach of fiduciary duty and violation of A.R.S. § 14-5506(A) (powers of attorney), undue influence, financial exploitation of a vulnerable adult under A.R.S. § 46-456, and return of property and documents under A.R.S. § 14-3709. Daughter then withdrew her objection to McCollum's request to probate Decedent's will and withdrew her petition for formal probate and appointment as personal representative. The court then appointed McCollum as Decedent's personal representative, granted Daughter's motions to withdraw her objection and petition, and admitted Decedent's January 2021 will to probate.

¶7 As to McCollum's November 2022 petition, the court set an evidentiary hearing for March 2023 and ordered Daughter to appear for examination under oath pursuant to A.R.S. § 14-3709. Daughter did not appear at the March evidentiary hearing, but the court determined that she had not received timely notice and continued the hearing to May 2023. But the court heard McCollum's testimony and admitted several exhibits into evidence.

¶8 Daughter then filed a response to McCollum's petition, but McCollum moved to strike Daughter's response as untimely. Daughter also failed to appear at the May evidentiary hearing. The court again heard testimony from McCollum and received exhibits into evidence. The following month, the court issued its findings of fact and conclusions of law and granted McCollum's motion to strike Daughter's response as untimely.

¶9 In July 2023, the court entered its final judgment, invalidating Decedent's January 2022 codicil; awarding McCollum actual and double damages; and awarding McCollum her reasonable attorney fees and costs. Daughter timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1), (9).

## DISCUSSION

¶10 Daughter challenges the superior court's findings of fact and conclusions of law regarding Decedent's status as a "vulnerable adult" and the court's award of double damages. Generally, we defer to the court's

findings of fact unless they are clearly erroneous. *Davis v. Zlatos*, 211 Ariz. 519, 523, ¶ 18 (App. 2005). "Factual findings 'are not clearly erroneous if substantial evidence supports them . . . .'" *Id.* at 524 (quoting *In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 295, ¶ 9 (App. 2000)). But we review conclusions of law de novo. *In re Est. of Newman*, 219 Ariz. 260, 265, ¶ 13 (App. 2008).

## I.    Vulnerable Adult.

¶11      Daughter argues the court abused its discretion in finding that Decedent qualified as a "vulnerable adult" under A.R.S. § 46-451(A)(12). A "vulnerable adult" is "an individual who is eighteen years of age or older and who is unable to protect [herself] from abuse, neglect or exploitation by others because of a physical or mental impairment." A.R.S. § 46-451(A)(12); *see* A.R.S. § 14-5506(D)(3) (providing "the same meaning prescribed in § 46-451"). An "impairment" results if injury or deterioration exists or if something causes a decrease in strength or quality of life. *Davis*, 211 Ariz. at 525, ¶ 24.

¶12      Daughter neither contests that Decedent was over the age of 18 nor that she suffered from a physical impairment from August 2021 to April 2022. She also does not contest the court's findings regarding McCollum's power-of-attorney claim. *See* A.R.S. § 14-5506(A). Instead, Daughter claims no evidence was (1) "presented supporting the finding that [Decedent] was in 'hospice' during the timeframe as found in the court's findings"; (2) "admitted contradicting that [Decedent] was mobile, she was cognitive, and able to communicate effectively"; and (3) "submitted contradicting that [Decedent] gifted or bestowed funds to her daughter in her final days."

¶13      But there is no dispute that Decedent was admitted to hospice care at some point before her death, and whether Decedent was admitted to hospice care in December 2021 or some later date is beside the point—an individual need not be "incapacitated" or in hospice care to be a "vulnerable adult." *See Davis*, 211 Ariz. at 525, ¶ 23. The individual need only suffer from an "impairment," which is "something that causes a 'decrease in strength, value, amount, or quality'" or can be defined "in terms of injury, deterioration, or lessening." *Id.* at ¶ 24 (quoting Websters II, New College Dictionary 553 (2001)).

¶14      Daughter also argues that McCollum did not present evidence about Decedent's abilities or show that Decedent had not gifted Daughter the money. But on appeal, we do not weigh the quantum of

evidence presented and must affirm if substantial evidence supports the court's decision. *Id.* at 523–24, ¶ 18. Here, the court found that Decedent was physically impaired to such an extent that she was unable to protect herself from exploitation. The record supports this finding. From August 2021 to April 2022, Decedent (1) had skin cancer that spread to her lymph nodes, lungs, and brain; (2) contracted COVID-19, which led to her prolonged hospitalization and inability to speak for several weeks; (3) was discharged to inpatient and outpatient care facilities after her hospitalization and relied on their care for her daily needs; (4) executed a power of attorney for Daughter to manage her finances as she could no longer conduct her banking in person; and (5) was over 70 years old. *See id.* at 525–26, ¶¶ 25–27. Daughter withdrew over $300,000 from Decedent's bank accounts during the relevant period, including over $270,000 in the last ten days of Decedent's life while she was in hospice care. That is sufficient to support the court's decision.

¶15 Further, whether Decedent was "unable to protect [herself] from abuse, neglect or exploitation by others because of" her physical impairment is not dependent on her mobility, cognitive function, ability to communicate, or gifting of money. A.R.S. § 46-451(A)(12). In fact, "a victim may not even realize she is being abused or exploited, particularly when the issue is financial exploitation and she is willingly parting with her money or property." *Davis*, 211 Ariz. at 526, ¶ 30. "Exploitation may occur with the *full participation* of the victim, but it is no less exploitation." *Id.* (emphasis added); *see* A.R.S. § 46-451(A)(6) (defining "exploitation" as "the illegal or improper use of a vulnerable adult or the vulnerable adult's resources for another's profit or advantage"). Because the record contains substantial evidence to support the court's findings of fact, we affirm.

## II.    Double Damages.

¶16 Daughter argues the "court further abused its discretion when finding that [she] concealed, embezzled, conveyed or disposed of property of [Decedent] and thereby, finding that Ms. McCollum is entitled to relief under A.R.S. § 14-3709 (D)." Daughter contends that "absent a finding of wrongful or bad faith on the part of [Daughter], [McCollum] is not entitled to recover up to two times the amount of alleged damages," citing *In re Est. of Jorgenson*, 159 Ariz. 214, 216–17 (App. 1988) (requiring a showing of bad faith or wrongful conduct to award double damages under A.R.S. § 14-3709(D)).

¶17 Daughter is mistaken. Though the court concluded McCollum was entitled to relief under A.R.S. § 14-3709(D) for the

immediate disclosure of "any knowledge or documents related to the location, status or disposition of the $332,818.77 paid to [Daughter] from the accounts of Decedent," it did not award double damages under A.R.S. § 14-3709(D). The court awarded "additional damages pursuant to A.R.S. § 46-456(B)." The court "may award additional damages in an amount up to two times the amount of the actual damages," and there is no requirement that the court make a finding of wrongful conduct or bad faith when awarding double damages under A.R.S. § 46-456(B). *See cf. Newman*, 219 Ariz. at 269, ¶¶ 30–31 (requiring only a violation of the statute); *see also* A.R.S. § 14-5506(A). Thus, the court did not abuse its discretion in awarding double damages.

**CONCLUSION**

¶18         For the above-stated reasons, we affirm. Both parties request an award of attorney fees and costs on appeal. Daughter is not the prevailing party on appeal and failed to "state the statute, rule, decisional law, contract, or other authority" entitling her to a fees award. ARCAP 21(a)(2). Thus, we deny Daughter's request for attorney fees and costs. McCollum requests her attorney fees and costs under ARCAP 21(a), A.R.S. §§ 14-3709, 14-5506(A), and 46-456. We award McCollum her reasonable attorney fees and taxable costs upon compliance with ARCAP 21.

