No. 29,622.

WARREN BOSS, *Appellee*, v. W. C. BROWN, *Appellant*.

(294 Pac. 878.)

Opinion filed January 10, 1931.

*F. E. Young,* of Stockton, for the appellant.

*W. L. Sayers* and *John Q. Sayers,* both of Hill City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover money and is brought by the son of a farm tenant against his father and the landlord to recover the value of one-third of the tenant's share of a corn crop, or two-ninths of the entire crop, for his services in planting and cultivating the crop, pursuant to an oral contract with his father to that effect. Before the corn crop had matured or was harvested the tenant, because of his being heavily indebted to the landlord, sold the crop to the landlord and collected for the greater part of it at once by having considerable of his indebtedness canceled. It was agreed between the tenant and the landlord that

the landlord was to harvest the crop at his own expense, except that he was to be allowed a deduction from the purchase price of four cents per bushel for the expense of husking his one-third of the crop, and that he was to pay the tenant forty-five cents a bushel for his share, or two-thirds of the crop, the number of bushels to be determined by weight over the scales. In reaching an approximation of the number of bushels the landlord and tenant walked through the field and counted the rows and also counted the ears in some rows and in that way estimated the probable number of bushels, and a payment of $900 was at once allowed on the tenant's indebtedness. Garnishment suits were immediately filed by other creditors of the tenant, and the landlord answered that he owed the tenant a small amount but did not know definitely how much.

The plaintiff is not by this suit attempting to exact from the landlord a second payment for anything he had already paid to his father, but is insisting that there is a balance due his father and that the weights returned by the landlord are incomplete and do not represent the correct number of bushels in the crop nor show the correct number of bushels for his father's two-thirds share thereof.

In the trial of the case evidence was introduced by the plaintiff as to the preliminary estimate made by the landlord and the tenant, and other estimates by similar counts and computation. The tenant, although a defendant, filed an answer and maintained the theory of his son against the weights furnished by the landlord, claiming such weights were incorrect and could not represent the entire crop. The case was tried to a jury and a verdict was rendered in favor of plaintiff for $592.43.

On the hearing of the motion for new trial the court reduced the amount to $399.29, which the plaintiff agreed to accept; then the court overruled the motion for new trial and rendered judgment against defendant for that amount, from which he appeals. The errors alleged relate to the introduction of evidence and the giving of instructions.

This is purely a fact case, only one citation of authority having been made by either party in the briefs, and that is to the effect that when the testimony of both parties is substantially alike as to a material fact, the trial court in the instructions to the jury may properly assume that such fact is established the same as if

admitted in the pleading or by the parties in open court. (*Douglass v. Geiler*, 32 Kan. 499, 4 Pac. 1039.) While this might be good authority for a trial court to do so, it is far from indicating that it would be error to fail to so assume and instruct, especially when no instruction to that effect was requested.

A preliminary question is involved in the form of a motion to dismiss the appeal for the reason that the notice of appeal only specified an appeal from the judgment and the verdict, whereas all the specifications of error relate to the rulings of the court in the progress of the trial. Appellant resisted the motion to dismiss when filed several weeks ago and made application for leave to amend his notice of appeal. These motions coming on for consideration before the submission of this case, leave was granted the appellant to amend his notice of appeal under authority of R. S. 60-3310, and the motion to dismiss the appeal was overruled with leave to renew it in connection with the hearing on the merits. The amendment having been made to include the overruling of the motion for a new trial, we think the motion to dismiss should be again overruled.

Appellant complains of the suggestion interposed by the court, which amounted to the sustaining of an objection that the evidence he was offering was immaterial, whereas a quantity of evidence was introduced by the appellee to the opposite effect along the same line. We are not advised by the record whether such evidence of the appellee was received before or after the suggestion of the court to the appellant, but if before, the appellant should have moved to strike it from the consideration of the jury, and if after, should have objected to its introduction, and if it was retained and permitted to stand appellant should have offered what he had along that line during the trial and on the hearing of the motion for new trial. Not having done so, this court in reviewing the proceeding cannot consider the suggestion an error.

It is urged that the court committed error in permitting evidence to go to the jury as to the counting of ears and rows, and instructing the jury as to such evidence, when it was admitted by all parties that the corn was to be sold by weight. Such evidence was not to contradict the terms of the contract, but was to contradict the weight reported by the defendant or the quantity claimed by the defendant to have been purchased by him. The court in the instructions plainly told the jury this was the issue in the case. The second instruction

told the jury "to find the quantity of the two-thirds of all corn raised by the plaintiff and defendant M. L. Boss and sold to defendant W. C. Brown." The third instruction was as follows:

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence that there was more corn sold to defendant W. C. Brown than the quantity admitted by him to have been purchased."

Evidence as to the kind of a crop, good or poor, the number of rows and the number of ears to the row, was competent to show that the weight reported and admitted was incorrect, just the same as if a stack of hay had been sold at a certain price per ton, the hay to be weighed over the scales. If that reported weight was much less than was anticipated, evidence would be admissible to contradict such weight by showing the length, width and height of the stack, the kind of hay and the average and usual number of cubic feet of such hay in the stack to weigh a ton. Likewise to dispute the weight of cattle sold by the pound, evidence may be admitted showing the number of the cattle in the bunch and the average size and weight of them.

Serious complaint is urged as to the second and fourth instructions given by the court, and particularly the fourth. The second is somewhat confusing as to the parties and their relation to the transaction, the landlord and tenant both being defendants, and the contract of the sale having been made by and between them, and a third party seeking to correct what he and the tenant claim to be a mistake as to quantity or weight. But aside from such confusion we find nothing misleading or wrong with this instruction.

In the fourth instruction the court told the jury that if they found there was an agreed price per bushel that price must control regardless of the market value of the corn, but added that if they found there was no agreed price per bushel, then the defendant would be chargeable with the market value. It appears from the record that all parties admitted the agreed price was forty-five cents, and as far as the record shows there was no evidence introduced showing the market value. There was apparently, therefore, no necessity for such an instruction, and particularly that part referring to the market value. As a proposition of law it is sound, but if there was no evidence as to market value, that part of it should not have been given. In order for the giving of such an instruction to constitute reversible error, we must hold that there was no evidence as to

the market value, which from the state of the record we cannot conclude, and also that the giving of it was prejudicial. Appellant uses some figures to show that the jury necessarily did adopt a price above forty-five cents per bushel in reaching the result it did. This reasoning does not seem to be conclusive, although it might be possible, and if it were, the court by its order to remit or a new trial would be granted, may have fully cured the matter, as has been frequently held as to instructions where the amount of recovery comes within the limits and is supported by the evidence as to quantity at the agreed price. Under these circumstances we are not convinced that this instruction, apparently unnecessary and possibly without any evidence to justify the giving of it, was prejudicial to the defendant.

"Where facts are conclusively established by the evidence or are admitted by the parties on the trial, it is not reversible error for the court to refuse to instruct the jury that such facts are established or admitted, where the court gives to the jury an instruction directing the jury to take into consideration the evidence to establish such facts." (*Murray v. Electric Co.*, 99 Kan. 507, syl. ¶ 3, 162 Pac. 1145.)

Complaint is made by appellant of a failure of the court to give his attorney an opportunity to read and offer objections to the instructions before they were read to the jury, but the record does not show such request, as prescribed by R. S. 60-2909, but in lieu thereof a request to defer the reading of the instructions until a calculation could be concluded so as to give the jury totals and other computations, which the court refused at that time, but permitted to be given to the jury after the instructions had been read. We find no error in this connection nor in the overruling the motion for new trial and in rendering the judgment for the reduced amount.

The judgment is affirmed.

DAWSON, J., not sitting.