No. 36,898

ADA CARMICHAEL, *Appellant*, v. THE ESTATE OF GLENN BAILEY, Deceased, *Appellee*.

(186 P. 2d 99)

HUGH MEANS, judge. Opinion filed November 8, 1947.

*John J. Riling*, of Lawrence, argued the cause, and *Edward T. Riling*, of Lawrence, was with him on the briefs for the appellant.

*Harry H. Asher*, of Lawrence, argued the cause, and *Clarence M. Gorrill* and *Alan F. Asher*, both of Lawrence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages for personal injuries alleged to have been caused by the negligent operation of an automobile. The jury brought in a general verdict for the plaintiff and answered special questions. A motion by defendant for judg-

ment on the special findings notwithstanding the general verdict was sustained and the plaintiff appeals. In view of our conclusion presently to be stated as to the manner in which this appeal should be disposed of, a brief summary of the situation presented will suffice.

The appellant, Ada Carmichael, while crossing Massachusetts avenue in the city of Lawrence at about 11:30 p. m., was struck and severely injured by a taxicab operated by an employee of Glenn Bailey, since deceased. The acts of negligence alleged in the petition need not be recited. Jury trial was had and a general verdict returned for the plaintiff in the amount of $1,318.85. In response to special questions submitted, the jury also returned eleven findings of fact. The plaintiff, being dissatisfied with the amount of recovery, filed a motion for a new trial; first, on the one issue as to the amount of damages; and second, if not granted on that one issue, then for a new trial generally. There was no ruling upon the motion. The defendant's motion for judgment *non obstante veredicto,* which was sustained, was based upon question and answer number 11 which were as follows:

"Q. If the jury finds that the plaintiff, Ada Carmichael, is entitled to recover from the estate of Glenn Bailey, deceased, in this case, then state what was the proximate cause of the accident. A. Negligence on the part of the defendant. Limited negligence on the part of the plaintiff."

The plaintiff filed an appeal to this court both from the order sustaining the defendant's motion for judgment *non obstante* and "from the judgment, decree and orders of the district court of Douglas county, Kansas, made on the 21st day of December, 1946, *wherein the court refused to pass upon plaintiff's motion for a new trial although the same was presented and argued by both plaintiff and defendant.*" (Italics supplied.)

In her specifications of error, the plaintiff stresses certain of the trial court's instructions to the jury which she contends were erroneous and prejudicial. The issue covered by one or more of these instructions was argued by counsel on both sides, prior to the giving of the instructions. When the court adopted the defendant's view and gave the instructions accordingly, the plaintiff objected to the instructions. The issue was again raised and argued upon the motion for a new trial. Regardless of all this, the trial court declined to rule upon the motion for a new trial, and sustained defendant's motion for judgment on the ground that the jury's answer to ques-

tion 11 convicted the plaintiff of contributory negligence which barred recovery. One paragraph of the journal entry of judgment reads:

"That the motion of the plaintiff for a new trial in this action be and the same *is not determined although requested by plaintiff.*" (Italics supplied.)

This can only be construed as a refusal to rule upon the motion for a new trial.

It is urged by appellant that the instructions, alleged to be erroneous, required the jury to answer, unfavorably to her, material questions submitted, and should be reviewed by this court.

An unusual situation is presented. We have repeatedly said that in order to secure review of trial errors—at least those from which no independent appeal will lie—a motion for a new trial is necessary. (*Buettinger v. Hurley,* 34 Kan. 585, syl. ¶ 2, 9 Pac. 197; *Fairfield, Assignee v. Dawson,* 39 Kan. 147, syl., 17 Pac. 804; *Duigenan v. Claus,* 46 Kan. 275, syl. ¶ 1, 26 Pac. 699; *State, ex rel., v. Telephone Co.,* 115 Kan. 236, syl. ¶ 8, 223 Pac. 771.) Here we have such a motion, but it is said that since there was no ruling upon the motion, the matters raised by it are not here for review. In somewhat similar situations, some courts have treated a refusal to rule upon a motion for a new trial where the matters complained of have been called to the trial court's attention, as tantamount to an overruling of the motion. In some cases it has been said that the motion would be considered as overruled "as a matter of law." (4 C. J. S. § 320, pp. 653, 654; § 321, p. 657, ¶ f; § 363, pp. 791, 792; *Larson v. Long,* 73 Colo. 241, 244, 214 Pac. 539, 540; *Lichtenstein v. Fish Furniture Co.,* 272 Ill. 191, 194, 111 N. E. 729, 731; *Georgia Casualty Co. v. Boyd,* 34 F. 2d 116, headnote 1; *Davis v. Union Meeting House Society,* 92 Vt. 402, 405, 105 Atl. 29, 30; *Brush v. Laurendine,* 168 Miss. 7, syl. ¶¶ 5, 6, 150 So. 818; *City of Brownsville v. Tumlinson* [Tex. Civ. App.], 179 S. W. 1107, 1109.) Even if we were to adopt a similar view in this case, we would still be confronted with the difficulty that the movant herself did not in her appeal to this court specifically treat the trial court's refusal to rule as an overruling, by implication, of the motion for a new trial. She simply appeals from an order "wherein the Court refused to pass upon plaintiff's motion for a new trial." Refusal to rule is not made appealable by any specific provision of the code.

We are led to a further inquiry. Although the instructions were not brought here for review by appeal from an order overruling a

motion for a new trial, can they be considered in determining the appeal from the order sustaining defendant's motion for judgment on the special findings? We have held that in considering a motion for judgment on special findings, *non obstante veredicto,* we consider the pleadings, the special questions and answers thereto, the general verdict, the motion for judgment on the answers to the special questions and the court's ruling upon the motion; that no abstract of the evidence is necessary, or even proper, since the motion admits that there was evidence to support the jury's answers. (*Dye v. Rule,* 138 Kan. 808, 811, 28 P. 2d 758; *Richards v. Kansas Electric Power Co.,* 126 Kan. 521, 526, 268 Pac. 847.) As far as our research discloses, we have never said specifically that in no case can instructions be considered when the only appeal before us is from a judgment on special findings, *non obstante,* although such a conclusion may be strongly implied in some of our decisions. In the present case, appellant contends that some of the jury's answers to special questions, material to the issue, were required under the instructions alleged to be erroneous. Whatever force there may be to the argument that in such a situation the instructions should be considered, that question has not been briefed in this case and the appeal will be disposed of without going into it. However, the conclusion is inescapable that appellant's rights would be overridden if we were to disregard entirely the instructions and the trial court's refusal to rule upon the motion for a new trial and isolate, for sole review, the judgment on the special findings.

It is clear that the trial court should first have ruled upon plaintiff's motion for a new trial. If sustained, the special findings would of course have been wiped out along with the general verdict. If overruled, the plaintiff would then have had a formal and appealable order making alleged trial errors reviewable. However unintentional the result, the trial court's refusal to rule upon the motion constituted a denial of appellant's rights. Whether in her present situation appellant might have sought other relief, by mandamus or otherwise, we are not here asked to determine.

The judgment and the order sustaining defendant's motion for judgment on the answers to special questions notwithstanding the general verdict should be set aside, to be later ruled upon only if and when such ruling becomes appropriate. The trial court should thereupon rule upon plaintiff's motion for a new trial. In so directing, we are in no way passing upon the merits of either plaintiff's

motion for a new trial or defendant's motion for judgment. *non obstante.*

The case is remanded for further proceedings in harmony with this opinion.