No. 37,760

In the Matter of the Estate of Charles S. Young, Deceased. (EARLE F. MILLER, JR., and CHARLES H. MILLER, *Appellees*, v. A. G. PYLE, et al., *Appellants*.)

(217 P. 2d 269)

Opinion filed April 8, 1950.

*L. J. Bond* and *Robert M. Bond*, both of El Dorado, were on the briefs for appellant executors and heirs, and *K. M. Geddes*, also of El Dorado, was on the briefs for the appellant administrator *de bonis non*.

*F. J. Leasure*, of El Dorado, was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a judgment of the lower court setting aside the appointment of an administrator *de bonis non* as void, thereby nullifying all acts of the administrator in such capacity. Briefly the facts are as follows: After the death of the executrix, who was one of two heirs sharing equally in the estate, the attorney who had represented the estate filed a petition in the probate court to be appointed administrator *de bonis non* and, without giving notice or filing written waiver thereof as required by G. S. 1947 Supp. 59-2222 and 59-2223, was so appointed by the court and letters of administration were issued to him. Thereafter the administrator *de bonis non* petitioned the court for an order authorizing him to sell at private sale all real estate belonging to the estate and also a forty-acre tract which was not a part of the assets of the estate, for the purpose of paying debts of said estate and the costs of administration; subsequently the order was entered and sale duly made to named purchasers, although at the time the petition

was filed for authorization to sell the real estate, no valid claim was pending against the estate, no claim had been allowed, and the time for filing claims had expired. This action was filed in probate court by two sons and heirs of the deceased executrix, who were in military service at the time of appointment of the administrator *de bonis non*, asking that the administrator's sale of real estate belonging to the estate be set aside. After denial of their petition by the probate court, the case was appealed to the district court and tried *de novo;* the court made findings of fact and conclusions of law which were excepted to by the respondents (appellants here), the administrator *de bonis non* and the executors and heirs of the estate of the purchasers of said real estate at the administrator's sale. The exceptions were overruled and judgment was entered by the district court setting aside the order of the probate court appointing the administrator *de bonis non* and nullifying all his acts in such capacity. Motions for new trial filed by all appellants were overruled by the lower court.

The case comes to this court on what is termed a notice of appeal which, omitting the formal parts, reads as follows:

"You and each of you, are hereby notified that . . . [appellants herein] . . . do hereby appeal to the Supreme Court of the State of Kansas from the judgment and decree of the Court, made and entered in the above entitled cause on the 16th day of April, 1949."

On appeal, appellants set forth the following three specifications of error:

1. The Court erred in overruling exceptions to Findings of Fact and Conclusions of Law of respondents.

2. The Court erred in overruling Motions for New Trial of respondents.

3. The Court erred in rendering judgment in favor of petitioners and against respondents.

The first specification of error challenges the findings of fact and conclusions of law. These trial errors must be first raised on a motion for new trial, and may be reviewed here only on appeal from the lower court's order on that motion. There was no such appeal in this case.

The second specification of error complains that the court below overruled the motions for new trial. However, this appeal is only from "the judgment and decree of the court" and we have held that an appeal perfected only from a judgment and decree does not constitute an appeal from an order overruling a motion for new

trial and this court has no jurisdiction to review errors in such judgment (*Salt City B., L.' & S. Ass'n v. Peterson,* 145 Kan. 765, 766-7, 67 P. 2d 564, and cases therein cited).

In regard to the third specification of error, this court has repeatedly held that an assignment of error to the effect that the trial court erred in rendering its judgment amounts to nothing more than a statement that the decision is wrong; it does not specify any error, and presents no reviewable ruling to an appellate court (*Hamilton v. Binger,* 162 Kan. 415, 418, 176 P. 2d 553, and cases there cited; *Cimarron Co-operative Equity Exchange v. Warner,* 166 Kan. 190, 192, 200 P. 2d 283; *Bisagno v. Lane,* 168 Kan. 153, 157, 211 P. 2d 85).

Since the record presents no question which is open to appellate review, the appeal must be dismissed. It is so ordered.