No. 40,724

In the Matter of Condemnation of Lands by the Kansas Bostwick Irrigation District No. 2. C. R. Curtis and Verona Curtis, *Appellees,* v. Kansas Bostwick Irrigation District No. 2, *Appellant.*

(320 P. 2d 783)

Opinion filed January 25, 1958.

*N. J. Ward,* of Belleville, argued the cause and was on the briefs for the appellant.

*Paul L. Aylward,* of Ellsworth, argued the cause and *George D. Miner,* of Ellsworth, and *Fred D. Swoyer,* of Belleville, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is a condemnation appeal.

Both the landowner and the irrigation district appealed to the district court from the award of the appraisers. After a trial and verdict by the jury the irrigation district takes this appeal.

The appellant irrigation district makes nine specifications of error. Specification numbers 4, 5, 6, and 7 are divided into several parts. For our purposes here the following is sufficient.

"1. The trial court erred in sustaining objections to the District's Statement to the jury, that it would show benefits resulting from irrigation as a mitigation of damages.

"2. The trial court erred in rejecting testimony as to benefits resulting from irrigation, as a mitigation of damages.

"3. The trial court erred in permitting testimony as to the cost of replacement fences.

"4. The trial court erred in allowing certain testimony. . . .

"5. The trial court erred in rejecting testimony. . . .

"6. The trial court erred in refusing instructions requested by the District, . . .

"7. The trial court erred in instructions given to the jury, . . .

"8. The trial court erred in overruling the motion for a new trial.

"9. The trial court erred in rendering judgment for Curtis."

The District gave the following notice of appeal (omitting the formal parts).

"You are hereby notified that the Defendant, the Kansas Bostwick Irrigation District No. 2, intends to and does appeal to the Supreme Court of the State of Kansas from all orders, decisions, findings, judgments and decrees made and entered in this action."

While the parties have not raised the issue the above notice raises the question of the jurisdiction of the court to hear this appeal.

The rule is well established that this court may and has the duty to raise and determine its jurisdiction to hear an appeal and may dismiss the appeal although the parties have not done so. (*Vrooman Co. v. Summer,* 110 Kan. 662, 205 Pac. 609; *Shively v. Burr,* 157 Kan. 336, 139 P. 2d 401; *In re Gambrell,* 161 Kan. 4, 165 P. 2d 760; *Asendorf v. Asendorf,* 162 Kan. 310, 176 P. 2d 535; *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220; *Palmer v. Helmer,* 159 Kan.

647, 157 P. 2d 531; *In re Estate of West,* 167 Kan. 94, 204 P. 2d 729; *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 207 P. 2d 457; *In re Estate of Hilliard,* 170 Kan. 617, 228 P. 2d 536; *Willey v. Gas Service Co.,* 177 Kan. 615, 281 P. 2d 1092; *Western Light & Telephone Co. v. Toland,* 177 Kan. 194, 277 P. 2d 584; *Sullivan v. Paramount Film Distributing Corp.,* 168 Kan. 524, 213 P. 2d 959; *Sherk, Administratrix v. Sherk,* 181 Kan. 297, 310 P. 2d 899.)

All of the specifications of error made by appellant, with the exception of specification No. 9, call for an appellate review of trial errors, but the notice contains no appeal from the order overruling the motion for new trial.

We have repeatedly held that an appeal perfected only from "orders, decisions, findings, judgments and decrees" does not constitute an appeal from order overruling a motion for new trial and under such a circumstance this court has no jurisdiction to review trial errors in the judgment. (*Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, 67 P. 2d 564; *In re Estate of Young,* 169 Kan. 20, 217 P. 2d 269; *Baker v. Maguire's, Inc.,* 176 Kan. 579, 272 P. 2d 739; *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631; *McIntyre v. Dickinson,* 180 Kan. 710, 307 P. 2d 1068; *Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co.,* 168 Kan. 259, 264, 212 P. 2d 348; *Skaggs v. Callabresi,* 145 Kan. 739, Syl. 2, 67 P. 2d 566; *Mundell v. Franse,* 143 Kan. 139, 140, 53 P. 2d 811; *Hill v. Lake,* 182 Kan. 127, 318 P. 2d 1050.)

The rule is stated in *Baker v. Maguire's, Inc.,* supra, where the court said:

"We are confronted with complaints on rulings as to matters which were the grounds for a motion for a new trial, but there is no appeal from that ruling, nor for that matter any appeal from any ruling made either during or subsequent to the trial. It has been held repeatedly that rulings on such motions not included in the notice of appeal are not subject to review. . . ." (p. 580.)

Specifications of error 1 through 8 are all matters which were grounds for a motion for new trial but that ruling was not included in the notice of appeal. These specifications of error present nothing for appellate review.

The remaining specification of error, No. 9, states the trial court erred in rendering judgment.

We have likewise repeatedly held that an assignment of error to the effect that the trial court erred in rendering judgment amounts

to nothing more than that the decision is wrong. It does not specify any error and presents no reviewable ruling to an appellate court. (*Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553; *Cimarron Co-Operative Equity Exchange v. Warner,* 166 Kan. 190, 200 P. 2d 283; *Bisagno v. Lane,* 168 Kan. 153, 211 P. 2d 85; *In re Estate of Young,* supra; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553; *McIntyre v. Dickinson,* supra; *Hill v. Lake,* supra.)

Since the record presents no question which is open to appellate review the appeal must be dismissed.

It is so ordered.