No. 40,869

GENE D. MATLOCK, *Appellant*, v. NINA MATLOCK, *Appellee*.
(323 P. 2d 646)

Opinion filed April 7, 1958.

*W. Jay Esco*, of Wichita, argued the cause and *D. G. Hamilton, Henry D. Edwards, Montell L. Dunn, Danford H. Smyth, Lloyd F. Cooper, Dale H. Cooper*, and *Ralph B. Foster*, all of Wichita, were with him on the briefs for the appellant.

*Robert E. Lee Walker*, of Wichita, argued the cause and *Ralph E. Gilchrist* and *Carl L. Buck*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from a judgment in a divorce action.

The plaintiff husband, appellant here, filed suit for divorce. The wife, appellee here, filed an answer and cross petition. A decree of divorce was granted to the wife on her cross petition. The court reserved its ruling on the matters of alimony and division of property.

Several weeks later the court rendered judgment as follows:

". . . the Court now renders judgment in favor of the defendant Nina Matlock and against the plaintiff Gene D. Matlock as and for and in lieu of all property rights and permanent alimony in the sum of Ten Thousand Dollars ($10,000.00). That the Court now awards to counsel for the defendant, Gilchrist and  Buck, attorneys fees in the sum of One Thousand Dollars ($1,000.00), the same to be a judgment against the plaintiff, Gene D. Matlock. The Court further renders judgment as and for fees for the accounting firm of Cory Webster & Lawrence in the sum of Two Hundred and Forty-Six Dollars ($246.00), the same to be a judgment against Gene D. Matlock."

In the notice of appeal appellant appeals only from the "decisions, findings, rulings and judgment of the district court."

Appellant specifies as error that the judgment is contrary to the evidence and law; that the judgment of alimony and division of property is improper, unjust and inequitable; that the judgment "in the sum of Ten Thousand Dollars ($10,000.00) for and in lieu of all property rights and permanent alimony" is contrary to law. Appellant also specifies as error the amounts allowed as attorneys and accounting fees.

An appeal perfected only from "decisions, findings, rulings and judgments" does not constitute an appeal from an order overruling a motion for new trial and under such circumstances this court has no jurisdiction to review the trial errors specified by the appellant. (*Curtis v. Kansas Bostwick Irrigation District,* 182 Kan. 301, 320 P. 2d 783, and the authorities cited therein.)

Likewise an assignment of error to the effect that the trial court erred in rendering judgment amounts to nothing more than that the decision is wrong and presents nothing for appellate review. (*Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553; *Cimarron Co-Operative Equity Exchange v. Warner,* 166 Kan. 190, 200 P. 2d 283; *Bisagno v. Lane,* 168 Kan. 153, 211 P. 2d 85; *In re Estate of Young,* 169 Kan. 20, 217 P. 2d 269; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553; *McIntyre v. Dickinson,* 180 Kan. 710, 307 P. 2d

1068; *Hill v. Lake,* 182 Kan. 127, 318 P. 2d 1050; *Curtis v. Kansas Bostwick Irrigation District,* supra.)

The only question before us is whether the court erred in rendering judgment in favor of the appellee "in the sum of Ten Thousand Dollars ($10,000.00) for and in lieu of all property rights and permanent alimony," attorneys and accounting fees.

The appellant contends that the court in its judgment must set out separately the amount of alimony awarded and the division of property made and not merge them together so that the amount of each is unknown.

In a recent case this court decided to the contrary. (*Meads v. Meads,* 182 Kan. 361, 320 P. 2d 830.) While the court did not sanction the practice, it held that the failure of the journal entry to reflect a definite division in the judgment did not compel a reversal. The court said:

"In the instant case, the trial court, as a division of property and in lieu of alimony, set apart to the plaintiff the Missouri farm and the Wichita home, the latter subject to the mortgage indebtedness which plaintiff was required to assume. It is clear that the court allowed plaintiff alimony in the form of property. Of course, in order to avoid uncertainty the journal entry should have set forth that part of the property allowed as alimony and that part allowed as a division of property. However, the failure of the journal entry to so reflect such a definite division in the present case does not compel a reversal of the judgment." (pp. 363, 364.)

It has long been the rule of this court that in a divorce action a division of property and award of alimony made by the trial court will not be disturbed on appellate review unless it is clearly shown that there has been an abuse of discretion. (*Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167; *Perry v. Perry,* 176 Kan. 1, 268 P. 2d 938; *Reedy v. Reedy,* 175 Kan. 438, 264 P. 2d 913; *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454; *Meads v. Meads,* supra.)

We have examined the record thoroughly and find sufficient competent evidence to support the judgment and no abuse of discretion by the trial court. The judgment is affirmed.

It is so ordered.