No. 41,035
MARTHA KING, *Appellant,* v. GEORGE KING, *Appellee.*
(327 P. 2d 865)

Opinion filed July 7, 1958.

*Geo. C. Wingerson,* of Hill City, argued the cause, and *Frank Hahn,* of Phillipsburg, was with him on the briefs for appellant.

*Marion W. Chipman,* of Hill City, argued the cause, and *W. H. Clark* and *Kenneth Clark,* both of Hill City, were with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The question presented in this appeal is whether the trial court, after having found the parties in a divorce action in equal wrong and having denied a divorce, erred in refusing to order an equitable division and disposition of the property owned by the parties.

The wife (appellant) filed an action for divorce in the district court of Graham County, Kansas, on the grounds of extreme cruelty and gross neglect of duty. The husband (appellee) filed a general denial and cross petitioned for a divorce from his wife on the same grounds. Both parties requested the court to make a division of the property after determining the ownership thereof and making provision for the payment of liens and claims against it. Issues were joined and the case was tried to the court.

The trial court after hearing all the evidence found the parties to be in equal wrong and pursuant to the provisions of G. S. 1949, 60-1506, denied the parties a divorce.

The wife filed a motion for a new trial and specified, among other things therein, abuse of discretion by the court. A few days after filing the motion for a new trial, on the 30th day of September, 1957, she filed a motion to modify the judgment, which, omitting caption and signatures, reads as follows:

"Comes now the plaintiff, Martha King, by her attorneys Geo. C. Wingerson and Frank Hahn and moves the Court for an order modifying the judgment of this Court made September 24, 1957, refusing to grant to the plaintiff a divorce from the defendant, *so that a proper and equitable division and disposition of the property of the parties will be ordered by the Court,* for the reason that the *facts warrant* and justice requires the same." (Emphasis added.)

The motion to modify the judgment was overruled on the 16th day of October, 1957. Thereafter on the 22nd day of November, 1957, the plaintiff's motion for a new trial was overruled.

Appeal was duly perfected from the "judgment, order, decision and decree" rendered on the 24th day of September, 1957, wherein the court refused to grant the plaintiff a divorce, and refused also to make any division of the property owned by the plaintiff and the defendant, and from the "judgment, order, decision and decree" of the court entered on the 16th day of October, 1957, wherein the court refused to modify and amend the decision and judgment of the court respecting the property of the parties. Although the appellant has specified as error the order overruling her motion for a new trial, *no appeal has been taken from this order.*

The primary question presented by the specifications of error is: Did the trial court fail to exercise its judicial discretion or abuse its judicial discretion in failing to make a property divison for good cause shown?

An appeal perfected only from "orders, decisions, findings, judgments and decrees" does not constitute an appeal from an order overruling a motion for a new trial and under such circumstances this court has no jurisdiction to review trial errors in the judgment. (*Curtis v. Kansas Bostwick Irrigation District*, 182 Kan. 301, 320 P. 2d 783; *Matlock v. Matlock*, 182 Kan. 631, 323 P. 2d 646; and cases cited therein.) It is not enough that the appellant specify as error the overruling of her motion for a new trial; she must also appeal from the order overruling a motion for a new trial to raise trial errors for review in this court. (*In re Estate of Young*, 169 Kan. 20, 217 P. 2d 269.)

It has been held on numerous occasions that where the trial court has made findings of fact and conclusions of law thereon, which either included or indicated a judgment, the same were not subject to review on appeal in the absence of a motion for a new trial, lacking which the only question left was the sufficiency of the findings and conclusions to support the judgment. (*Arnall v. Union Central Life Ins. Co.*, 157 Kan. 535, 142 P. 2d 838; *Smith v. Kansas Transport Co.*, 172 Kan. 26, 238 P. 2d 553; and *Binder v. Local Union No. 685*, 181 Kan. 799, 317 P. 2d 371.) The same rule obtains where the appellant fails to appeal from the order of the trial court overruling the motion for a new trial, even though specified as error.

In this case the trial court made a simple finding upon all the

evidence presented at the trial that the parties were in equal wrong and further concluded that the parties should be denied a divorce. On this state of the record the only question presented is whether the trial court's finding supported the judgment denying a divorce and refusing to make an equitable division of the property owned by the parties.

It was said in the concluding paragraph of *In re Estate of Young,* supra, that since the record presents no question which is open to appellate review, the appeal must be dismissed. This is technically incorrect. The appeal is valid and should not be dismissed. But, where nothing is presented for appellate review, the judgment of the trial court should be affirmed.

The pertinent portion of G. S. 1949, 60-1506, material to the question herein presented, reads as follows:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper . . . for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, . . ."

The foregoing statute clearly indicates that it is discretionary with the trial court to refuse the parties a divorce where they are in equal wrong. With respect to a division of the property of the parties the trial court is given the power to exercise two discretions: First, whether the court should or should not make an equitable division of the property; and second, if the court decides to make a division of the property, to exercise its discretion in making the division. In *Rosander v. Rosander,* 177 Kan. 45, 276 P. 2d 338, the court said:

"Plaintiff also complained that the trial court abused its discretion in refusing to make disposition of property after refusing the divorce. G. S. 1949, 60-1506, provides the court *may* make disposition of the property of the parties in any case where a divorce is refused. However, such discretion lies with the trial court and in the absence of abuse of that discretion, the ruling will not be disturbed . . ." (p. 49.)

In *Reedy v. Reedy,* 175 Kan. 438, 264 P. 2d 913, a divorce was granted to the husband by reason of the fault or aggression of the wife, and this court said relative to a division of property:

"It has been the inviolate rule of this court that a division of property made

by the trial court in a divorce action will not be disturbed on appellate review unless it is made clearly to appear that its action in making that division amounted to an abuse of discretion. This discretion is a judicial and not an arbitrary one. Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. . . ." (p. 440.)

These powers of discretion given to the trial court are not absolute or arbitrary powers. They are powers of judicial discretion.

The appellant contends that it was the duty of the trial court for good cause shown, under the facts and circumstances in this case, to make a property division, and that the court's refusal to do so was a failure of the court to exercise its discretion and an abuse of its discretion. Under the circumstances presented by this appeal these contentions have no merit. The trial court did exercise its discretion in refusing to make a division of the property. The appellant resorts to a review of the evidence to show an abuse of discretion. Under these circumstances, abuse of discretion by a trial court in arriving at its decision and judgment is a trial error. It would be impossible to determine whether or not a trial court's failure to grant the judgment requested by a party is abuse of discretion without reviewing the evidence.

Abuse of discretion is made a ground for a new trial by statute. The pertinent parts of G. S. 1949, 60-3001, provide:

"A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court. The former verdict, report or decision shall be vacated and a new trial granted, on the application of the party aggrieved, when it appears that the rights of the party are substantially affected:

"*First.* Because of abuse of discretion of the court, . . ."

It may be argued that both of the parties to the divorce action requested a division of the property in their pleadings. Appellant cites *Hawkins v. Smith,* 153 Kan. 542, 111 P. 2d 1108, which holds that in an equitable action the trial court has the power and it is its duty to consider the matters set forth in the pleadings which relate to the subject matter, and to adjudicate all the rights of the parties connected with the action, so far as it can, to avoid a multiplicity of suits. In the instant case the pleadings of the respective parties alleged grounds for divorce, requested a divorce and a division of property. Where, as here, the trial court found the parties

in a divorce action to be in equal wrong the statute was enacted to direct the trial court ( G. S. 1949, 60-1506 ). The statute, therefore, controls the precise situation here presented and the general rule of equity above stated is not applicable.

Appellant contends that it was unnecessary to raise the question concerning the trial court's abuse of discretion by a motion for a new trial, since the motion to modify the judgment presented this question to the trial court for consideration and thereby afforded the trial court an opportunity to correct its error in this respect prior to appeal. Insofar as abuse of discretion is concerned the appellant argues the motion to modify the judgment was equivalent to the motion for a new trial. Appeal was taken from the order overruling the motion to modify the judgment and it was specified as error.

Proceedings to revise judgments may be taken under the code of civil procedure. G. S. 1949, 60-3007, provides in part that the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made by *granting a new trial* for the cause, within the time and in the manner prescribed in the code. Furthermore, independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, or on its own motion, the court may vacate, set aside or modify its judgments or orders. (*Federal Land Bank v. Richardson,* 146 Kan. 803, 73 P. 2d 1005; *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229, 326 P. 2d 303, and cases therein cited. )

In *McDermott v. Halleck,* 65 Kan. 403, 69 Pac. 335, which is a leading case on the subject, it was recognized that a motion for a new trial was necessary to re-examine trial errors, *i. e.,* issues of fact raised by the pleadings, but held a motion for a new trial unnecessary to re-examine issues of fact on appeal from an order which resulted from hearing a motion wherein the issues of fact presented did not arise on the pleadings. The nature of the proceeding on the motion was said to be a hearing and not a "trial." (A motion is not a pleading within our code definition, G. S. 1949, 60-703.)

Here the motion for modification of judgment did not require an independent hearing to determine the facts. The motion called

for a review of the facts already determined by the court upon trial of the case on the issues of fact raised by the pleadings in the action. The motion for modification of the judgment was superfluous and unnecessary, since the same question was presented to the trial court by the motion for a new trial. To recognize the sufficiency of this motion (to modify judgment) to raise a question of trial error on appeal would be contrary to the general rule that an appeal must be taken from an order overruling a motion for a new trial to raise trial errors for review in this court. We therefore decline to recognize an appeal from an order overruling a motion to modify the judgment as a substitute for an appeal from an order overruling a motion for a new trial. (See, *Peters v. Peters,* 175 Kan. 422, 263 P. 2d 1019.)

Having failed to appeal from the order overruling the motion for a new trial, the appellant has not perfected his appeal as to trial errors and this court will not review whether the trial court abused its discretion in refusing to make a division of the property owned by the parties.

Even if the appellant were here on the question, a careful examination of the evidence presented by the record does not disclose that the trial court abused its discretion by refusing to make a division of the property. A divorce having been denied, the legal significance of the marital obligations of the parties continue even though the parties may find it impossible to live together.

On April 10, 1958, appellee filed a motion to dismiss the appeal in this court on the ground that the alleged errors complained of by the appellant were questions of fact and the appellant did not appeal from the order overruling the motion for a new trial. After appellant filed a reply and brief to this motion on April 17, 1958, it was denied by this court on April 22, 1958, with leave to renew at the hearing on the merits. The dismissal feature has already been treated, but appellant requests leave to amend her notice of appeal, *if this court should find an appeal from the order overruling the motion for a new trial is necessary.*

When a valid appeal has been taken from a judgment within the time provided by G. S. 1949, 60-3309 (As to appeal in a divorce action, see *Lang v. Lang,* 177 Kan. 650, 282 P. 2d 390, concerning the application of G. S. 1949, 60-1512, and G. S. 1949, 60-3309) this court, under the provisions of G. S. 1949, 60-3310, has authority, on timely application, to permit an amendment of the notice of

appeal, so as to include an appeal from an order overruling a motion for a new trial, at any time before the hearing of the appeal upon its merits, even though the time within which to appeal from the order overruling the motion for a new trial has passed. (*Mathias v. Dickerson*, 179 Kan. 739, 298 P. 2d 219; *McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 115, 122 P. 2d 787; and *Boss v. Brown*, 132 Kan. 86, 88, 294 Pac. 878. But see, *Harshbarger v. Carson*, 180 Kan. 241, 303 P. 2d 143, contra.)

Under the statute (60-3310, *supra*) the appellant could move the court to amend her notice of appeal to include the order overruling the motion for a new trial by pursuing an affirmative motion to that effect in this court at any time before the hearing of the appeal upon its merits. But she could not by a conditional request ask this court to permit amendment should she encounter an adverse ruling on the merits of the case. Leave to amend the notice of appeal at this stage of the case would be too late under the statute.

The appellee complains that the appellant did not have a complete transcript of the testimony made and filed with the clerk of the district court as required by G. S. 1949, 60-3311. By reason thereof appellee contends it is impossible in the case at bar to prepare a counter abstract sufficient to show that the court did not abuse its discretion. It is the duty of an appellant to provide an official transcript of all proceedings necessary for a review of the judgment rendered, and a failure in this respect precludes a review of the facts when the factual sufficiency of the transcript is challenged. (*Kasper v. Miller*, 159 Kan. 488, 156 P. 2d 550; and *Crowder v. Lindbergh*, 175 Kan. 671, 265 P. 2d 851.) Inasmuch as the rulings on previous points are in appellee's favor and determine this appeal, it is unnecessary to dwell upon this point further.

The judgment of the trial court is affirmed.

PARKER, C. J., not participating.