No. 41,622

Nola Fay Clarkson, *Appellant*, v. Damon M. Mangrum and Margaret Whomans, *Appellees.*

(348 P. 2d 607)

Opinion filed January 23, 1960.

*Earl M. Clarkson, Jr.,* of Wichita, argued the cause, and *Wilmer E. Goering,* of Wichita, was with him on the briefs for the appellant.

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, Jerome E. Jones, Robert J. Roth,* and *William R. Smith,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This was an action to recover damages for personal injuries sustained in an automobile collision. It was tried by a jury which returned a general verdict for plaintiff against one defendant only, *i. e.,* Margaret Whomans, the driver of one of the involved motor vehicles, for $1,454.35. The trial court approved the verdict and rendered judgment against such defendant for the damages allowed by the jury and the costs of the action. Thereafter plaintiff filed a motion for a new trial as to damages only, on grounds the verdict was given under the influence of passion or prejudice and was in whole or in part contrary to the evidence.

Upon the overruling of her motion for a new trial plaintiff perfected the instant appeal under a notice which, so far as here pertinent, reads:

"You and each of you are hereby notified that the Plaintiff, Nola Fay Clarkson, does hereby appeal to the Supreme Court of the State of Kansas from the judgment and verdict rendered on the 23rd day of April, 1959, and from all other motions, orders and rulings adverse to said Plaintiff."

Notwithstanding the foregoing notice of appeal appellant's claims of error in this court are limited to three specifications of error. When carefully analyzed it may be said that each is founded upon the premise the trial court committed error in connection with its action in overruling her motion for a new trial.

Thus, from what has been heretofore related, it becomes obvious we are confronted, at the outset, with the jurisdictional question, which we are required to raise and determine (*Curtis v. Kansas Bostwick Irrigation District*, 182 Kan. 301, 320 P. 2d 783), whether errors, alleged to. have been committed by a trial court in overruling a motion for a new trial, are open for appellate review when—as here—a party appeals from the judgment rendered against him without appealing from the order overruling his motion for a new trial.

Resort to our decisions clearly discloses that such rulings are not subject to appellate review unless included in the notice of appeal.

See *In re Estate of Young*, 169 Kan. 20, 217 P. 2d 269, which holds:

"An appeal perfected only from the judgment and decree of the trial court does not constitute an appeal from an order overruling a motion for a new trial (following *Salt City B., L. & S. Ass'n v. Peterson*, 145 Kan. 765, 67 P. 2d 564.)" (Syl. ¶ 1.)

In *Baker v. Maguire's, Inc.*, 176 Kan. 579, 272 P. 2d 739, we held:

"Where a party appeals from a judgment rendered against him and not from the rulings on his motion for a new trial or other post trial motions, the rulings on such motions are not subject to appellate review." (Syl.)

And see *King v. King*, 183 Kan. 406, 327 P. 2d 865, where it is held:

"An appeal perfected only from the 'judgment, order, decision and decree' does not constitute an appeal from an order overruling a motion for a new trial, and, under such circumstances, this court has no jurisdiction to review trial errors in the judgment, even though the order overruling the motion for a new trial has been specified as error." (Syl. ¶ 2.)

See, also, *State ex rel., v. Miller*, 177 Kan. 324, 279 P. 2d 223, which holds that errors, relating to matters occuring at the trial and for which a new trial is asked, cannot be considered on appeal unless the ruling be included in the notice of appeal *and* specified as error in the appellant's abstract of the record.

For numerous other decisions, which we may add do not begin to exhaust the field, where the foregoing rule is considered, dis-

cussed and applied, see *Crowder v. Lindbergh,* 175 Kan. 671, 672, 265 P. 2d 851; *McCarty v. Kansas-Nebraska Natural Gas Co.,* 176 Kan. 386, 388, 389, 271 P. 2d 264; *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631; *McIntyre v. Dickinson,* 180 Kan. 710, 713, 307 P. 2d 1068; *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 639, 305 P. 2d 849; *Dryden v. Rogers,* 181 Kan. 154, 156, 309 P. 2d 409; *Matlock v. Matlock,* 182 Kan. 631, 632, 323 P. 2d 646; *State v. Turner,* 183 Kan. 496, 500, 328 P. 2d 733; *Shelton v. Simpson,* 184 Kan. 270, 272, 336 P. 2d 159; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390.

Inasmuch as appellant's specifications of error are limited solely to matters inherent in the order overruling the motion for a new trial and since, as we have seen, our decisions hold such claims of error are not subject to appellate review, because the ruling on that motion was not included in the notice of appeal, we are forced to conclude that this appeal should and must be dismissed.

It is so ordered.