No. 42,775

MARY A. JONES, on Behalf of Herself and All Other Stockholders of The Kansas City Embalming and Casket Company, a Corporation, d. b. a. J. W. Jones Funeral Home, *Appellee*, v. THE KANSAS CITY EMBALMING AND CASKET COMPANY, a Kansas Corporation, d. b. a. J. W. Jones Funeral Home, and I. F. BRADLEY, JR., Intervenor, *Defendants*, and EUGENE ENGLISH, Individually, V. JONES (now Griffin), ADOLPHUS EWING, WALTER GROVES, and FOSTER M. WHITE, Intervenors, *Appellants*.

(372 P. 2d 60)

Opinion filed June 9, 1962.

*I. F. Bradley, Jr.*, of Kansas City, and *Elisha Scott*, of Topeka, argued the cause, and *Samuel C. Jackson*, of Topeka, was with them on the briefs for the appellants.

*James J. Lysaught*, of Kansas City, argued the cause, and *Willard L. Phillips, P. B. McAnany, Thomas M. Van Cleave, Jr., John J. Jurcyk, Jr.*, and *R. H. Foerschler*, all of Kansas City, were with him on the briefs for the appellee Mary A. Jones.

The opinion of the court was delivered by

WERTZ, J.: Mary A. Jones, plaintiff (appellee), on behalf of herself and all other stockholders of The Kansas City Embalming and Casket Company, a corporation, doing business as J. W. Jones Funeral Home, brought this action in the district court of Wyandotte county against defendants (appellants), the mentioned casket

company and Eugene English, individually as president of the defendant corporation, to compel the defendants to render an accounting of all monies, funds and resources of the corporation, and for other equitable relief.

Following the filing of the action, Sally Allen, I. F. Bradley, Jr., Adolphus Ewing, Walter Groves, Virginia Jones Griffin and Foster White intervened, claiming ownership of various shares of stock and seeking to be declared stockholders, and sought to compel the disclosure of receipts and disbursements of the corporation since its organization, the profits that have been made out of the business, the amount of dividends paid, and requested full restitution of alleged misappropriated funds. The intervenors further sought to require the corporation to produce its books and records for inspection and to recover dividends to which they are entitled from the company as the alleged owners of various shares of stock. They also prayed for equitable relief.

Defendant Eugene English filed his answer alleging that he is president of the corporation and owner of certain stock which has not yet been issued by the corporation, and asked that he be declared the owner of 102 shares of common stock, and that plaintiff Mary A. Jones be required to account for monies received by her as a corporate official, and asked for other equitable relief.

The defendant corporation filed its answer asking that the trial court determine the number of shares owned by each stockholder and after such determination the stock be ordered issued to the respective holders found to be entitled thereto.

On the issues thus joined the trial court appointed a special master to take the evidence. The special master subsequently heard the evidence and made and filed findings of fact and conclusions of law.

The respective parties filed their post-hearing motions to set aside certain findings of fact and conclusions of law made by the special master, and the trial court, after hearing argument of counsel, rendered its judgment, approving and adopting findings of fact and conclusions of law as made by the special master with the exception that it found that of the 200 shares of common stock issued by the corporation Mary A. Jones was the owner of 194 shares; Eugene English, 2 shares; Sally Allen, 2 shares; and I. F. Bradley, Jr., 2 shares.

Within the time provided by law, defendant Kansas City Em-

balming and Casket Company, Eugene English, its president, and the intervenors filed motions asserting certain trial errors and requesting the trial court to grant a new trial. The respective motions for a new trial are still pending in the trial court and no hearing has been had nor ruling made thereon.

With the exception of I. F. Bradley, Jr., the aforementioned intervenors and defendant Eugene English, within the time provided by law, appealed to this court only from the judgment, orders and decisions of the trial court. Mrs. Willis (Sally) Allen appealed to this court from the same judgment; however, her appeal was not perfected in the time provided by law. The defendant corporation did not appeal.

Notwithstanding appellants' very limited notice of appeal, in their abstract they specify several grounds of error, all of which relate solely to trial errors; therefore, it becomes obvious we are confronted at the outset with the jurisdictional question whether errors alleged to have been committed by the trial court are reviewable when, as in the instant case, the motion for a new trial is still pending in the lower court and has not been ruled upon. It is a long-standing rule of this court, which should need no citations, that an appeal perfected only from the judgment, order, decision and decree of the trial court does not constitute an appeal from an order overruling a motion for a new trial, and under such circumstances this court has no jurisdiction to review trial errors in the judgment even though the order overruling the motion for a new trial has been specified as error. (*American State Bank v. Holding*, 189 Kan. 641, 371 P. 2d 167; *Clarkson v. Mangrum*, 186 Kan. 105, 348 P. 2d 607; *Curtis v. Kansas Bostwick Irrigation District*, 182 Kan. 301, 320 P. 2d 783; *Matlock v. Matlock*, 182 Kan. 631, 323 P. 2d 646; *Baker v. Maguire's, Inc.*, 176 Kan. 579, 272 P. 2d 739; *In re Estate of Young*, 169 Kan. 20, 217 P. 2d 269.)

We have repeatedly said that in order to secure review of trial errors, at least those from which no independent appeal will lie, a motion for a new trial is necessary. In the instant case we have motions for a new trial; however, since there has been no ruling on the motions, the matters raised by them are not here for review. (*Carmichael v. Estate of Glenn Bailey*, 163 Kan. 741, 743, 186 P. 2d 99.) Where it does not affirmatively appear that a question raised on appeal was presented to and determined by the trial court, this

court does not consider it on review. (*Holton v. Holton,* 172 Kan. 681, 243 P. 2d 222.)

It is clear that the trial court should first rule on appellants' motions for a new trial. If sustained, the findings of fact would, of course, be wiped out along with its judgment; if overruled, the appellant would then have a formal and appealable order making alleged trial errors reviewable. From the state of the record and the admissions made by counsel in argument that motions for a new trial are pending, newly discovered evidence being among the grounds, and in view of some of the special master's findings adopted by the court, we are unable to say that the trial court would not grant a new trial. Under such circumstances this court is of the opinion that the action should be remanded to the trial court for further proceedings, but in so directing we are in no way passing upon the merits of appellants' motions for a new trial.

In view of what has been said the case is remanded to the trial court for further proceedings.