No. 42,928

RAYMOND BEHNER, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee.*

(375 P. 2d 627)

Opinion filed November 3, 1962.

The appellant was on the brief *pro se.*

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a habeas corpus action. The petitioner introduced his evidence in the court below, and from a judgment denying his application for a writ, he appeals.

His notice of appeal to this court, in pertinent part, reads:

"Take notice that the above-captioned Raymond Behner, petitioner, has and does appeal from the judgment, order and decision rendered . . . whereby it was, by the said court decided, ordered and adjudged that the petitioner's motion for writ of habeas corpus be and was denied."

Notwithstanding the very limited notice of appeal, appellant specifies four assignments of error, all of which relate solely to trial errors; therefore, it becomes obvious we are confronted at the outset with the jurisdictional question whether or not errors alleged to have been committed by the trial court are reviewable when the record discloses, as in the instant case, appellant failed to file a motion for a new trial, or, if he did do so, failed to appeal from the order of the trial court overruling that motion or specify such ruling as error.

It is a long-standing rule of this court, which should need no citations, that an appeal perfected only from the judgment, order, decision and decree of the trial court does not constitute an appeal from an order overruling a motion for a new trial, and under such circumstances this court has no jurisdiction to review trial errors

in the judgment. (*In re Estate of Young,* 169 Kan. 20, 217 P. 2d 269; *Clarkson v. Mangrum,* 186 Kan. 105, 106, 348 P. 2d 607; *Jones v. Kansas City Embalming & Casket Co.,* 190 Kan. 51, 53, 372 P. 2d 60.)

We have repeatedly said that in order to secure review of trial errors, at least those from which no independent appeal will lie, a motion for a new trial is necessary. Where it does not affirmatively appear that a question raised on appeal was presented to and determined by the trial court, this court does not consider it on review. (*State v. Trams,* 189 Kan. 393, 395, 369 P. 2d 223; *Jones v. Kansas City Embalming & Casket Co.,* supra; *Holton v. Holton,* 172 Kan. 681, 243 P. 2d 222; *Donaldson v. State Highway Commission,* 189 Kan. 483, 370 P. 2d 83.) Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error. He most do both. (*State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 79 S. Ct. 739, 3 L. Ed. 2d 759; *American State Bank v. Holding,* 189 Kan. 641, 643, 371 P. 2d 167.)

Inasmuch as all of the appellant's specifications of error relate solely to trial errors, his failure to file a motion for a new trial, or, if he did so file, his failure to include in his notice of appeal the order of the trial court overruling that motion and to specify such ruling as error leaves this court without jurisdiction to pass upon any of the trial errors sought to be reviewed, and the case must be dismissed.

It is so ordered.