No. 43,033

NATHANIEL LARS, *Appellee,* v. G. S. SMALLWOOD, d/b/a SMALLWOOD SERVICE & ELECTRIC CO., *Appellant.*

(378 P. 2d 158)

Opinion filed January 26, 1963.

*Elmer C. Jackson, Jr., Myles C. Stevens,* and *Edward H. Powers,* all of Kansas City, were on the briefs for the appellant.

*James P. Cashin,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal in a negligence action, involving alleged defective wiring of plaintiff's home by defendant, is from the order of the trial court refusing the proffer of certain evidence by defendant, from an erroneous instruction to the jury, from orders of the trial court overruling defendant's objections made during the trial, from the general and special verdicts returned by the jury, and

finally, from the trial court's order overruling defendant's motion for new trial.

While neither of the parties raises the jurisdictional question, on a record such as is here presented this court must first determine its appellate jurisdiction. The notice of appeal, as above stated, included the trial court's order overruling defendant's motion for new trial, but the specifications of error include only the following:

"No. 1. The trial court erred in giving instruction No. 7, permitting the jury to find for the appellee for breach of contract, for the reason that the appellee stated a cause of action on the theory of negligence only.

"No. 2. The trial court erred in overruling the objection of the appellant to a hypothetical question answered by James Andrisevic for the reason that there was no foundation for such question.

"No. 3. The trial court erred in sustaining an objection of the appellee to testimony of Fire Chief George Casey, an expert witness, concerning a defective furnace for the reason that there was ample foundation for such question.

"No. 4. The trial court erred in not permitting the introduction of the Underwriters Laboratory code in conjunction with the testimony of Mr. James Walker and Fire Chief George Casey, and for the purpose of impeachment of witnesses of the appellee."

Nowhere in the above specifications of error does appellant specify as error the trial court's order overruling its motion for new trial. In *Clarkson v. Mangrum*, 186 Kan. 105, 348 P. 2d 607, the jurisdictional question was raised and determined because while, as here, only trial errors were involved, the notice of appeal indicated it was taken from the judgment of the trial court and not from the order overruling the motion for new trial. This court, in stating that such rulings are not subject to appellate review unless they are included in the notice of appeal, further stated:

"See, also, *State, ex rel., v. Miller*, 177 Kan. 324, 279 P. 2d 223, which holds that errors, relating to matters occurring at the trial and for which a new trial is asked, cannot be considered on appeal unless the ruling be included in the notice of appeal *and specified as error in the appellant's abstract of the record.*" (Our emphasis.) (p. 106.)

For numerous other decisions where the foregoing rule has also been considered, discussed and applied see cases cited at page 107 of the Clarkson opinion.

In view of the above authority setting out the cardinal rule strictly adhered to by this court, we must conclude we have nothing here for appellate review.

Appeal dismissed.