## No. 43,469

MARY A. JONES, on behalf of herself and all other stockholders of the Kansas City Embalming and Casket Company, a Corporation, d/b/a J. W. Jones Funeral Home, *Appellee,* v. THE KANSAS CITY EMBALMING AND CASKET COMPANY, a Kansas Corporation, d/b/a J. W. Jones Funeral Home, *Defendant,* and EUGENE ENGLISH, individually, *Appellant,* and V. Jones (now Griffin), Adolphus Ewing, Walter Groves, Foster M. White, I. F. Bradley, Jr., Intervenors, *Defendants.*

(386 P. 2d 217)

Opinion filed November 2, 1963.

*Charles S. Scott,* of Topeka, argued the cause, and *Samuel C. Jackson,* of Topeka, was with him on the brief for the appellant.

*James J. Lysaught,* of Kansas City, argued the cause, and *Willard L. Phillips, P. B. McAnany, Thomas M. Van Cleave, Jr., John J. Jurcyk, Jr.,* and *R. H. Foerschler,* all of Kansas City were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action by Mary A. Jones, on behalf of herself and all other stockholders of The Kansas City Embalming and Casket Company, a corporation doing business as J. W. Jones Funeral Home, against certain defendants, for an accounting of all moneys, funds and resources of the corporation, and for equitable relief.

Following the filing of the action, various parties intervened, claiming ownership of shares of stock and seeking to compel the disclosure of receipts and disbursements of the corporation since its organization, and other equitable relief.

Defendant, Eugene English, filed his answer, alleging that he was president of the corporation and owner of certain stock which had not yet been issued, and requested that plaintiff be required to account for moneys received by her as a corporate official, and for other equitable relief.

The trial court appointed a special master to take the evidence. He did so and subsequently made and filed findings of fact and conclusions of law. After hearing arguments on post-trial motions by certain of the parties to set aside the findings and conclusions of the special master, the trial court, on July 6, 1961, rendered its judgment, which, for all practical purposes, substantially approved and adopted the findings and conclusions made by the special master. Motions for a new trial were filed by defendants and intervenors.

In the meantime defendant English, and all but one of the intervenors, appealed to this court from the judgment, orders and decisions of the trial court. At the hearing of that appeal it developed that the various motions for a new trial were still pending in the trial court and undisposed of. This court, therefore, refused to decide the appeal on its merits and remanded the case to the trial court for further proceedings. Our decision, which was filed on June 9, 1962, and which contains a rather complete statement of the case, is found in *Jones v. Kansas City Embalming & Casket Co.*, 190 Kan. 51, 372 P. 2d 60.

The motions for a new trial were then heard and argued on September 4 and 15, 1962, and on November 28, 1962, and alleged newly discovered evidence in support of the motions was introduced.

All motions for a new trial were overruled and it was ordered that the receiver of the corporation issue stock to the respective

shareholders in the amount and name as previously determined by the earlier judgment of July 6, 1961.

The appeal presently before us is by defendant English, and is from the judgment of July 6, 1961, and the order of November 28, 1962, overruling his motion for a new trial.

It is contended the court erred (1) in its judgment of July 6, 1961, with respect to ownership of the stock of the corporation; (2) in refusing to compel Mr. Stevens, an attorney, to testify at the hearing on the motions for new trial, and (3) in overruling the motion of defendant English for a new trial.

The files of this court disclose that on August 1, 1963, while this appeal was pending, the plaintiff-appellee, Mary A. Jones, died, and that the Commercial National Bank of Kansas City was appointed special administrator of her estate. The action was revived in the lower court in the name of the special administrator, and in this court such special administrator was substituted as party plaintiff-appellee.

With respect to the claim the trial court erred in its judgment of July 6, 1961, in which it substantially approved and adopted the findings and conclusions of the special master as to the ownership of stock of the corporation, no useful purpose will be served by setting forth the findings in detail. The evidence was quite conflicting, and at the time of rendering judgment the trial court commented on it at considerable length. Notwithstanding the contention to the contrary, the record contains abundant competent, substantial evidence to support the trial court's findings, and they in turn support the conclusions and judgment rendered.

It is contended that at the hearing on the motion for a new trial Mr. Stevens, an attorney, should have been compelled to testify. A short answer to this argument is that in open court Mr. Stevens stated that he was "an attorney in this case" and therefore was opposed to testifying. The trial court in upholding his position stated:

"Secondly, Mr. Stevens has been and apparently still is an attorney in this matter as far as I know. There's to be no withdrawal. The Court will not force him to testify because of the attorney client relationship."

Under the circumstances, the ruling was proper.

Finally, it is contended the motions for a new trial were erroneously overruled, and our attention also is directed to the specifications of error contained in the abstract in the former appeal.

Reference to them, however, shows that essentially the contention simply is that the court was wrong in rendering the judgment that it did. Some point also is made concerning alleged "newly discovered evidence" introduced at the hearing on the motions for a new trial. This was essentially a fact case and the record shows that it was hotly contested from beginning to end, and it contains numerous charges and countercharges regarding the disposition of various sums of money. The fact remains, however, that the trial court, after considering all of the evidence, rendered what it considered to be the only proper judgment. From its comments at the time of overruling the motions for new trial, it is quite apparent the trial court found that defendant-appellant English had not sustained the burden of proof with respect to certain countercharges made by him, and suggested there was a proper time and place to decide those matters—in an action by the corporation against the alleged wrongdoers.

The record presented in this case is in a number of respects quite confusing, but we nevertheless have no difficulty in concluding that the findings are supported by the evidence and that they in turn support the conclusions and judgment rendered. Defendant-appellant English has not made it affirmatively appear the trial court committed prejudicial error in any respect, and, such being the case—the motions for a new trial were properly overruled and the judgment is affirmed.

FATZER, J., dissents.